Z. T. NESBIT v. ELLA GOODRICH ET AL.

Decided January 24, 1901.

1.—Usury—Contract for Taking Up and Holding Judgment.

Where a judgment debtor agreed to pay 10 per cent interest per annum on all the indebtedness, principal, interest and cost of taking up a judgment against him, and also executed his note for $300 as compensation for advancing money—the expenses and compensation of the loan agent covering but $60 of that amount—the note was usurious and void, except as to such $60.

2.—Same—Original Contract Not Tainted.

The judgment, not being itself tainted with usury, was not affected by the subsequent usurious and void contract under which it was purchased and carried for a year, and was therefore still enforcible for its full amount of principal, interest and costs.

Appeal from Anderson. Tried below before Hon. A. D. Lipscomb.

*Campbell & McMeans* and *W. A. H. Miller,* for appellant.

*Gregg & Brooks,* for appellees.

GARRETT, CHIEF JUSTICE.—Ella Goodrich, joined by her husband, brought this suit to enjoin the sale of a lot in the city of Palestine under a decree of foreclosure and to have the debt credited with certain amounts paid as interest on the ground of usury. The facts were substantially as follows. On May 15, 1897, W. C. Kendall, as receiver of the Palestine Loan Association, recovered a judgment against Tennie Hanna for the sum of $1138.05, with interest at the rate of 10 per cent per annum, besides costs of suit, and against the said Tennie Hanna and the appellee, Ella Goodrich, and her husband, M. A. Goodrich, foreclosing a lien for said amount on the south half of block 28, Larkin & Campbell's addition to the city of Palestine. The land was the separate property of the appellee, Ella Goodrich, subject to said lien. It was worth about $2500. An order of sale was issued upon said judgment, and the land was advertised to be sold on the first Tuesday in November, 1897. Appellees, who were in San Antonio, desired to borrow money to take up the judgment. This became known to W. A. H. Miller, who called to see Mrs. Goodrich and told her that he could secure a loan for her; that he was acting for the appellant, who was then in Missouri; but that he would have to go to Palestine to examine the property. They agreed that appellant should advance the money necessary to take up the judgment and interest and costs of suit, and the appellees would pay in twelve months, interest thereon at the rate of 10 per cent per annum, and in addition thereto execute a note to Miller for $300, payable in twelve months, with 10 per cent interest. This agreement was reduced to writing as follows:

"The State of Texas, Bexar County.

"Whereas W. A. H. Miller goes to Palestine at our request to have a

certain judgment which is a lien on 100 feet by 275 feet of ground on the corner of Sycamore and Dallas streets, in Palestine, transferred to Z. T. Nesbit, and said Nesbit is to carry said judgment until the 1st day of November, 1898, we hereby agree to pay 10 per cent interest per annum to said Nesbit on all moneys paid by said Nesbit in taking up said judgment, whether it be indebtedness, principal, interest, or cost. And we agree to pay all taxes due or to become due on said property, and to keep said property insured for the benefit of said Z. T. Nesbit. And should we fail to pay taxes and insurance, then Nesbit can pay same, and we promise to repay same with 10 per cent interest per annum before Nesbit is called upon to release or receipt his judgment lien. And whereas we, Ella L. Goodrich and M. A. Goodrich, have this day executed to W. A. H. Miller our promissory note for $300, we agree that same is a lien on property on which judgment here above mentioned is a lien, and is to be paid before said judgment, and we hereby agree that said Nesbit shall not release said judgment lien until said note is fully paid.

"Witness our hands, this the 26th day of October, 1897.

(Signed)    "M. A. GOODRICH.
"ELLA GOODRICH."

Miller went to Palestine and took the money with him. He paid for the judgment, interest, and costs the sum of $1212.75. He took an assignment of the judgment from Kendall to Nesbit, and an agreement from the agent who had charge of renting the property to collect and remit the rents to Miller at San Antonio until the note was taken up. Miller indorsed the note to Nesbit within about one month after its execution. Payments were made and credited on the note amounting, as found by the jury, to $190.15.

At the end of the twelve months, the appellees having failed to pay the judgment, the appellant caused an order of sale to be issued, and the property was advertised for sale on the 3d day of January, 1899, for the satisfaction of said judgment and costs. The further execution of the writ was enjoined in this suit.

From the evidence before the jury they were authorized to find that Miller was the agent of appellant in making the loan to Mrs. Goodrich, and not a mere loanbroker; that not more than $60 of the amount paid was for the expenses and compensation of Miller in securing the loan; that the balance of the note for $300 was for the use of the money; and that appellant knew that the $300 note was exacted by Miller as a part of the transaction in which the loan was made, or that some such arrangement would be made, and ratified it. It was shown that Miller represented the appellant in making other loans, and that appellant knew that he exacted compensation from other borrowers. Mrs. Goodrich testified that Miller told her that he was acting for Nesbit. When Miller went to Palestine he took appellant's money with him, prepared to take up the judgment if he should find the security satisfactory. The

contract securing Nesbit also includes the $300 note. It was made a preferred lien, and it was immediately indorsed to Nesbit. We find that the contract was usurious. Williams v. Bryan, 68 Texas, 593; Stuart v. Saddlery Co., 21 Texas Civ. App., 530; Texas Loan Agency v. Hunter, 13 Texas Civ. App., 408.

By the judgment of the court the appellee was allowed a credit of $130.15 upon the principal of the loan, $1212.75, the jury having allowed $60 as compensation for Miller's services, and all interest was forfeited. It is insisted by the appellant that the foreclosure judgment was not tainted with usury, and that it should have borne interest from the date of its rendition, unaffected by the subsequent usurious contract. The rule as stated by Parsons is that, in order that a contract should be avoided as usurious, it is necessary that it should itself be tainted; for if any subsequent contract in payment of the first be usurious, this second contract will be void, and will therefore leave the original contract or debt wholly unpaid, and it may be enforced as if the second had not been made. 3 Pars. on Cont., 116. Such is the rule in this State. Krause v. Pope, 78 Texas, 478. By the contract for taking up and extending the judgment there was no new promise to pay the original amount thereof. Mrs. Goodrich was not personally bound therefor, but her property to a greater amount in value was subject thereto, and it was in effect her debt. So it remained in force, and was at her request assigned to Nesbit. It was untainted with usury, and was enforcible for the full amount, principal, interest, and costs. About this judgment contract a subsequent contract for the purchase and extension thereof was made which is held to be usurious. As such, and being only for interest, it is void in its entirety, except as to the sum included therein for the compensation of Miller in making the loan. Putting this subsequent contract aside as void, the judgment is not affected, but remains in force, bearing interest as provided therein; but the payments made upon the usurious contract and credited upon the note should be credited upon it. This court, approving the verdict of the jury in favor of the appellees that the contract is usurious, and the finding as to the amount paid thereon and the compensation that Miller was entitled to receive, will here reform the judgment of the court below so that the judgment of foreclosure shall continue to bear interest as therein provided, credited as of date November 1, 1898, by the amount as found by the jury.

*Reformed and affirmed.*

Writ of error refused.