## BLACKBURN *v.* HAYES.

### Opinion delivered June 30, 1894.

*Usury—Agreement to pay broker's commission.*

> An agreement between a farmer and a cotton broker whereby the latter advances money to raise a crop of cotton and the former agrees to repay the money with ten per cent. interest, and also to ship to the latter a certain number of bales of cotton to be sold by him, or, in default thereof, to pay $1.25 per bale, the customary broker's commission, on such number as he should fail to ship, is not *per se* usurious ; in the absence of proof showing that the agreement to pay the commission was a cover for usury, it will be held to be liquidated damages for breach of the contract, and not interest for the loan of money.

Appeal from Desha Chancery Court.

JAMES F. ROBINSON, Chancellor.

*Pindall & Roberts* for appellants.

1. The usury is found in the provision of the deed of trust that, in default of shipping 200 bales of cotton, plaintiffs should pay $1.25 per bale for the deficit ; this, in addition to the 10 per cent., makes a clear case of usury. Mansf. Dig. secs. 4733–4–5 ; Acts 1887, p. 50 ; art. 19, sec. 13, const. 1874.

2. The report of the master shows $147.13 over-charge of interest.

*Murphy & Gates* for appellees.

1. The charge of $1.25 per bale for cotton not shipped as per agreement is not usurious. 93 U. S 344; 70 N. Y. Ct. of App. 239; 65 Ala. 511; 84 Ala. 88; 5 So. 197; *Ib.* 204; 64 Ala. 527; 9 S. C. 374; 22 *id.* 367; 37 *id.* 579; 21 S. W. 946; 16 S. E. 710; 7 *id.* 224; 6 Munf. 433; 46 Ark. 364; 23 Fed. 403.

2. The mere overcharge of interest, without an agreement to pay more than lawful interest, and a corrupt intent, is not usury. 54 Ark. 566; 41 *id.* 331; 57 Miss. 256; *Taylor* v. *Blackman* (Miss), So. Rep. March 29, 1893, p. 458.

BATTLE, J. The defendants, John T. Hardie & Co., being factors and commission merchants, doing business in the city of New Orleans, in the State of Louisiana, entered into an agreement with the plaintiffs, who were cotton planters in the State of Arkansas, by which they undertook to advance to plaintiffs large sums of money for the purpose of aiding them in raising cotton, and plaintiffs agreed to repay the same with interest thereon at the rate of ten per centum per annum, and to ship to the defendants, John T. Hardie & Co., at least two hundred bales of cotton to be sold by them, or, in default thereof, to pay one dollar and twenty-five cents per bale on such number as they should fail to ship according to their contract. To secure the performance of their promises they executed a deed of trust, in which J. B. Hayes was named as trustee. They failed to perform their contract. Of the two hundred bales of cotton they shipped only fifty-six, and failed to repay the money advanced to them. After the lapse of several years, the trustee undertook to sell the

property conveyed by the deed, in pursuance of the authority thereby vested in him, for the purpose of paying the amount secured and still unpaid, and plaintiffs instituted an action in equity against the trustee and Hardie & Co. to enjoin the sale. The ground upon which they sought to prevent the sale was usury. They insisted that the agreement to ship cotton was a device to avoid the penalty of usury, and that the one dollar and twenty-five cents were really intended to be paid as interest. The chancery court, after hearing the evidence adduced by both parties, held otherwise, corrected the account of Hardie & Co. against the plaintiffs for advances made, and rendered a decree directing the foreclosure of the deed of trust; and plaintiffs appealed.

To prove that the contract of Hardie & Co. and appellants was usurious, it must be shown that it was for a greater rate of interest than ten per cent. per annum. Appellants contend that this was shown in the deed of trust by the stipulation to ship two hundred bales of cotton, or, in default thereof, to pay one dollar and twenty-five cents on every bale which was not shipped according to the contract. To sustain this contention, it was incumbent on them to show that the one dollar and twenty-five cents were intended to be a compensation for the use of the money advanced or loaned to them by Hardie & Co.

The evidence shows that Hardie & Co. were commission merchants in the city of New Orleans, engaged in the business of selling cotton on commissions. They were engaged in a legitimate business, and had the right to loan their money, and at the same time to stipulate with the parties to whom it was loaned for the incidental advantage of acting as commission merchants for the sale of the cotton which the borrower was to be enabled to raise by the use of the money. Such contracts being lawful, the burden of proof was upon the appellants to

show that the contract as to the two hundred bales of cotton was intended as a device to cover up usury. But they failed to do so.

The evidence shows that the appellants were cotton planters engaged in making cotton, and that the money advanced to them was loaned for the purpose of aiding them in this business. At the time the contract to ship cotton was entered into, one dollar and twenty-five cents per bale was the commission usually charged and received by commission merchants for selling cotton in the city of New Orleans, where the cotton was to be sold; and Hardie & Co. reasonably expected the cotton to be shipped to them. Under the circumstances, the contract was a valid agreement. It was in effect an agreement upon the part of appellants to ship the two hundred bales in consideration of the undertaking of Hardie & Co. to sell the same, and in the sale thereof to use due care and skill, and that Hardie & Co. should be entitled to receive and recover the one dollar and twenty-five cents per bale, in the event appellants should fail to perform their contract, as liquidated damages sustained by them on account of the breach, and not as interest for the loan of the money. *Cockle* v. *Flack*, 93 U. S. 344; *Norwood* v. *Faulkner*, 22 S. C. 367; *Matthews* v. *Coe*, 70 N. Y. 239; *Woolsey* v. *Jones*, 84 Ala. 88; *Harmon* v. *Lehman*, 5 So. 197; *Dozier* v. *Mitchell*, 65 Ala. 511.

Decree affirmed.