JARVIS *v*. SOUTHERN GROCERY COMPANY.

Opinion delivered November 28, 1896.

63    225
75    390
77    138

USURY—AGREEMENT TO ELIMINATE.—Where the parties to a loan agree to eliminate all items that might render the loan usurious, the fact that by inadvertence some of the items were left uncorrected will not render the loan usurious.

SAME—MISTAKE.—Mere mistakes or clerical errors, evincing no intention to violate the usury laws, will not render a loan usurious.

SAME—COMMISSIONS.—An agreement by a borrower of money to pay a specified commission to the lender for storing, weighing, and selling cotton to be received from the borrower will not render the loan usurious where the commission is reasonable, and is not shown to have been a cover for usury.

MORTGAGE—STIPULATION FOR ATTORNEY'S FEE.—A stipulation in a mortgage for attorney's fees on foreclosure is void.

Appeal from Jefferson Chancery Court.

JAMES F. ROBINSON, Chancellor.

*W. P. & A. B. Grace, N. T. White,* and *Rose, Hemingway & Rose* for appellants.

A note given to settle a balance due on an account, containing two usurious items, is usurious itself, and void. 41 Ark. 331; 2 Rich. (S. C.) 73. To constitute usury, an intent to charge interest in excess of the legal rate is essential; but where the charge is intentionally made, and the blight of usury fixed upon the contract, it can only be validated by eliminating the entire usurious charge or element. An unexecuted design is not enough. 103 U. S. 261; 32 Ark. 346, 357; 1 C. & P. 396; 2 Taunton, 184; 2 Starkie, 237; 10 Mich. 148; 1 N. Y. Suppl. 676; 4 Denio, 104; Clarke, Ch. (N. Y.) 76; *id.* 252; 61 Ala. 507; 1 Kelley, (Ga.) 409; 48 Ga. 652; 81 Tex. 369; 6 Wend. 415; 2 Allen, 551; 36 N. J. Eq. 612, 616; 47 *id.* 396; Tyler, Usury, p. 396; 27 Am. & Eng. Enc. Law, p. 964. If the $1,204.00 note was usurious, and the others not, it was error to enter credits on this note, but they should have been entered on the valid claim. 48 Ark. 279; 83 Ind. 436; 63 Miss. 237; 43 Ohio St. 220.

2. The sale of goods at credit prices was resorted to as a mere device to charge more than 10 per cent, and was usurious. 36 Ark. 248; 47 *id.* 287; 54 *id.* 155. The charge of $1.25 per bale was also a mere device to cover usury. It was excessive and unreasonable as a charge for services to be performed. 64 Ala. 527, 534; 5 So. Rep. 197; 6 Lea, 411; 4 Am. Rep. 47; 55 Am. Dec. 395, and note; 5 Johns. Ch. 122; 9 Am. Dec. 283.

3. The stipulation in the mortgage to pay attorney's fees was without consideration and void. 42 Ark. 167.

*Bridges & Wooldridge, Austin & Taylor,* and *Dan. W. Jones & McCain* for appellee.

The excess in the $1,204.76 note was included by mistake. To constitute usury, there must be an intent

to charge excessive interest.   26 Ark. 356; 25 *id.* 191;
57 *id.* 251.   But this excess was stricken out when
attention was called to it.    41 Neb. 716; 10 N. Y.
Suppl. 777; 67 Miss. 147.   The $1.25 per bale was a
reasonable charge.   59 Ark. 356; 115 N. C. 236.   Usury
cannot be predicated upon a sale either for cash or on
credit.   55 Ark. 265; 51 *id.* 268; 68 Miss. 310; 3 W.
Va. 159.   The provision for attorney's fees is binding.
53 Ark. 569; Jones, Mortgages, (3 Ed.) sec. 1606; 144 U.
S. 451.

BUNN, C. J.    In the early part of 1890 appellee
company, organized as a corporation, and doing business
under the laws of this state, and domiciled in the city
of Pine Bluff, began to furnish appellant, an extensive
farmer in the vicinity, with supplies and money for the
current year, and this continued until 1893, when the
matter culminated in this suit.

As is customary in such cases, at the beginning of
each year a note (and sometimes more than one note) was
given, covering the balance unpaid on the last year's
transaction, and an amount estimated to cover all needed
supplies and money for the current year; and these
notes, in the present case, were signed by Mrs. S. A.
Pitts, mother of appellant, along with him, but in fact
as his surety, and they were also secured by mort-
gages on personal property given by appellant alone.
In February, 1893, a more definite understanding
as to the transaction of future business seems
to have been had between all the parties.   On
the 24th of February, 1893, appellant gave his note
for $1,150.36, as a balance on the year 1892, and also
another note for $4,000, covering supplies to be fur-
nished, the amount to be increased as deemed necessary
by appellee, and deeds of trust were given on personal
property by Jarvis to secure the same, both falling due

on the 15th of November, 1893; and on the 15th of March, 1893, another deed of trust was given to secure a note of $1,204.72, dated March 5, 1892, due 1st of December, 1892, which was the amount of balance for the year 1891.   All these notes were signed by Mrs. S. A. Pitts, as stated.

On the 19th of December, 1893, this suit was instituted for judgment for the aggregate sum of $4,853.15, and $300 attorney's fee, and to foreclose the three mortgages of February and March, 1893, securing said $1,150.36 note, said $4,000 note and said $1,204.72 note.

Defendant answered, setting up usury upon various grounds and overcharge.   Decree for the sum of $5,-295.16, and for the foreclosure of the deeds of trust of February and March, 1893, and defendants all appealed.

The decree was founded upon the following finding of facts as to amount due and owing from the appellants to appellees :   "That there is no usury in any of the notes sued upon; that the note for $1,204.72, executed on the 15th of March, 1892, should have been for the sum of $1,123.76, and that the sum of $80.96 was included in said note by clerical mistake; that said note should be credited with said sum of $80.96 as of March 5, 1892; that on November 30, 1893, said note was overpaid in the sum of $14.20, which should be credited on the note for $1,150.36, executed February 24, 1893, as of November 30, 1893; that there is now due by the said Jarvis and Pitts to the plaintiff on the notes executed February 24, 1893, for $1,150.26, and the note for $4,000, including interest according to the tenor and effect thereof, the sum of $5,268.88."   (Additional interest and intervening credits presumably make the real amount to be $5,295.16 as stated.)   Again:   "The court further finds that there was an express contract and agreement between the plaintiff and defendant Jarvis that a commission of $1.25

a bale for storage, handling, insurance, weighing, and selling should be paid to the plaintiff by the said defendant on all cotton received by the plaintiff as cotton factors from defendant Jarvis. The court further finds that the plaintiff is entitled to recover for the foreclosure of said mortgage, under and by virtue of the provisions contained in said mortgage, a reasonable attorney's fee against the defendant Jarvis."

This case comes under the rule announced in the case of *Garvin* v. *Linton*, 62 Ark. 370, and as especially reiterated in the decision of the motion for a rehearing in that case in regard to the elimination of usury by agreement of parties, if indeed there was usury in said note and not merely clerical errors. In adjusting the matter between them, before the institution of this. suit, and upon complaint of appellant that there was usury in the notes, it appears that the bookkeeper of appellee was directed to eliminate all items that might be usurious, and that this was assented to, and that whatever items were left uncorrected that might have been considered usurious, if failed to be corrected, were not so intentionally, but by inadvertence. The elimination of usury by agreement and consent is proper, for the parties should always be free to correct all wrongs, and the act of correcting is governed by the same rule as in making the original contract; that is to say, where mistakes are made, they will not vitiate the correction, but the same will be corrected, the same as unintentional mistakes and errors of fact in the first instance.

*Effect of agreement to eliminate usury.*

If the discrepancies complained of were mere mistakes or clerical errors, evincing no intention to violate the usury laws, the chancellor's findings were correct; and, on the other hand, if the same did in fact constitute usury, but by agreement of the parties an honest effort was made to purge the transaction of usury, the same is

*Effect of mistake.*

not invalidated because of mistake or error in the act of correction.

<span style="margin-left:2em">Charge of commission not usurious.</span> In regard to the commission of $1.25 per bale for storing, weighing, and selling cotton, the evidence is conflicting as to whether or not it was a matter of express contract. The commission was deducted from the gross proceeds of each bale of cotton when sold, and this was at the end of the year, or towards the end of the year, and presumably after all, or nearly all, advances had been made for the year. If this commission was a matter of express contract, it could not be usurious, for it was for services rendered, and the price for services rendered or to be rendered is not, ordinarily, at least, the subject of usurious contracts. The evidence does not show this contract for commission to have such an intimate connection with, or relation to, the loan of money as that it could necessarily be considered a device to exact usury. On the other hand, if the commission was not a matter of express contract between the parties, then it could amount to nothing more than an overcharge, as might have been on any other item of services or merchandise in the running account, if, indeed, it was not a reasonable price for such services. If the theory contended for by appellant was the theory of the law in vogue, it is impossible to see to what extent it might be carried in any transaction involving price for labor and for services, and of articles of merchandise.

In a case like that of *Harmon* v. *Lehman*, 6 So. Rep. 197, cited in appellant's briefs, there was a loan of money secured by a shipment of cotton. Money lending and money borrowing was the soul of the transaction; there was nothing else in it. The double amount contracted for as commission for selling this cotton held as a pledge, according to the opinion of the court, was one-half for services and the other half without consideration,

and therefore intended by the parties to increase the value of the money loaned above the lawful price; that is to say, to be usury. That was a case where the commission was, in the first place, plainly in excess of the value of the services rendered in the management of the pledged cotton. Had there been no loan in the transaction, no recovery could have been had for the excess, in the absence of an express contract to pay it. But it was the subject of express contract; and, since it was manifestly more than the services were worth, the conclusion followed that it was the expression of an intent to increase the price of the money loaned above that which could be lawfully contended for. The excess, in the case at bar, if there was an excess, is not plainly established, for as to whether it was a reasonable charge or not the testimony is conflicting; and, in the next place, according to the contention of the appellant, it was not the subject of express contract between the parties.

We must decline to interfere with the findings of the chancellor on this issue, since, if the commission was a matter of express agreement, as he found it to be, it is not usurious, for the rate cannot be said to be unreasonable, or such as the parties had not the unquestionable right to fix; and if the commission was not the subject of agreement, it was simply the subject of the rule of *quantum meruit*, and not usury.

In *Boozer* v. *Anderson*, 42 Ark. 167, this court held the stipulation in a promissory note for attorney's fees was void. In the case at bar the stipulation is in the mortgage or deed of trust. There does not appear to us to be any difference of principle between the two cases. If void in a suit at law, there is no reason why it should not be held as void in a suit in equity. The mere matter of difference of trouble in collecting the debt in the one case and that of the other, we think is not sufficient to make a difference between the rule to be applied

Effect of stipulation in mortgage for attorney's fee.

in the one, from that to be applied in the other case. It is but fair to say that, were it a new question, we would not be agreed as to the doctrine of the validity of such a stipulation, either in the note or the mortgage, but the majority stands on the previous decisions of this court as to the stipulation in the note, while all of us agree that the rule is to be applied to the stipulation in the mortgage the same as to the stipulation in the note.

Modified, therefore, so as to disallow the attorney's fee, the decree of the chancellor is in all other respects affirmed.