## WESTERN BANK & TRUST COMPANY v. J. A. OGDEN.

### Decided March 31, 1906.

**1.—Misnomer—Abatement.**

Prefixing the definite article "The" to the name of a corporation is not a misnomer, and is immaterial.

**2.—Usury—Pleading.**

In pleading usury it is necessary to allege when and where the usurious interest was paid, and the amount thereof.

**3.—Testimony—Res Inter Alios Acta.**

It was error to allow the plaintiff to testify that during the preceding year he had a similar cotton contract with a different party, and when plaintiff tendered the cotton said party told him it was the money, and not the cotton. he wanted.

**4.—Interest—Calculation—Mistake.**

Where in calculating interest the amount charged is by mistake slightly greater than allowed by law, it is not usury.

**5.—Cotton Contract—Usury—Question of Fact.**

Whether or not what is commonly known as a "cotton consignment contract" is intended as a device for evading the usury law, is a question of fact for the jury.

**6.—Usurious Contracts—Payments.**

Where a debtor makes a payment on an usurious contract, though it be a payment on the interest, he can not recover for usurious interest paid, unless the amount so paid exceeds the principal.

Appeal from the County Court of Limestone County. Tried below before Hon. James Kimball.

*W. E. Doyle* and *Callicutt & Call,* for appellant.—Where the payee in a note intends only to charge 10 percent interest, and does not intend to charge any usury, and by a mistake of calculation, a trifling amount of more than 10 percent is calculated and added to the face of the note and the note draws interest after maturity, then said note and contract is not usurious. Peightal v. Cotton State Bldg. Co., 61 S. W. Rep., 432 ; Jarvis v. Southern Gro. Co., 38 S. W. Rep., 149.

Whether or not a cotton consignment contract is usurious is a question of fact, and should be submitted to the jury. Miner v. Paris Exchange

Bank, 53 Texas, 559; Webb v. Pahde, 43 S. W. Rep., 20; Huddleston v. Kempner, 1 Texas Civ. App., 213; Blackburn v. Hayes, 27 S. W. Rep., 240; Jarvis v. Southern Grocery Company, 38 S. W. Rep., 148; Shattuck v. Clark, 34 S. W. Rep., 404; Norwood v. Faulkner, 53 Am. Rep., 717; Williams v. Vance, 30 Am. Rep., 26; Allen West Commission Company v. Carroll, 58 S. W. Rep., 314; Cockle v. Flack, 93 U. S. Supreme Court, 344; Mills v. Johnston, 23 Texas, 324.

When general payments are made on a usurious contract, and no direction has been given by the payee, as to the application of said payments, the law applies the payments to the principal sum and not to the usurious interest charged.    Revised Statutes of Texas, art. 3106; Revised Statutes of United States, sec. 5198; Webb v. Galveston & H. Inv. Co., 75 S. W. Rep., 355; Fredin v. Richards, 61 Minn., 490; Dunn v. Moore, 26 Ohio State Rep., 641; First National Bank v. Miltonberger, 33 Neb., 847; Cotton States B. Co. v. Peightal, 28 Texas Civ. App., 575; Roberts v. Coffin, 22 Texas Civ. App., 127; International B. & L. Assn. v. Biering, 86 Texas, 480; Stanley v. Westrop, 16 Texas, 203; Stout v. Ennis Nat. Bank, 69 Texas, 384; American M. B. & Assn. v. Daugherty, 66 S. W. Rep., 575; Citizens' National Bank v. Foreman, 63 S. W. Rep., 454; Rosetti v. Lozano, 70 S. W. Rep., 204.

No briefs for appellee.

RAINEY, Chief Justice.—Appellee, J. A. Ogden, sued the Western Bank & Trust Company to recover double the amount of interest paid on an alleged usurious contract entered into between them, and recovered judgment, from which the Western Bank & Trust Company appeals.

The appellee files no brief, and the pleadings and facts set forth by appellant in its brief are as follows:

"Appellee, for cause of action, alleged that he borrowed, on February 14, 1903, from appellant the sum of two hundred dollars ($200), and executed his note, including interest, for two hundred and twelve and sixty-four one-hundredths dollars ($212.64) with interest after maturity, and at the same time he executed to plaintiff a cotton contract, in which he agreed to consign to appellant thirty-two bales of cotton, or in lieu thereof to pay appellant thirty-two dollars ($32) if he failed to consign said thirty-two bales of cotton; and that on June 20, 1903, he borrowed the sum of twenty-five dollars ($25) from appellant, and renewed his note by giving a note for two hundred and seventy and fourteen one-hundredths dollars ($270.14), and executed another cotton contract for the consignment of four bales of cotton, or to pay $4.00 if he failed to consign said cotton.    He alleges that both of said cotton contracts were usurious, and that said cotton contracts, for the consignment of said cotton, were a sham and subterfuge used by appellant to evade the usury laws of this State.    That between October 15, 1903, and November 17, 1903, he paid to appellant the said sum of money, except seventy and sixty-four one-hundredths dollars ($70.64).    He alleged that $50.14 was interest charged for the use of said two hundred and twenty-five dollars ($225) borrowed money; that on November 14, 1903, appellant required him to execute his note for said balance to the Texas Cotton Commission Company, for the sum of seventy-seven and seventy-one one-hundredths

dollars ($77.71), the same being the balance due on said obligations, and that said seventy-seven and seventy-one one-hundredths dollars ($77.71) included the interest on the same until September 15, 1904, and he also executed a cotton contract to said Texas Cotton Commission Company, $12.00. He alleges that Texas Cotton Commission Company, in receiving said usurious interest, was acting for appellant, and he sued for double the sum of sixty-nine and twenty-one one-hundredths dollars ($69.21), which amount he claimed to have paid as usurious interest, his suit being for one hundred and thirty-two and forty-eight one-hundredths dollars ($132.48) ; citation was issued and served on "The Western Bank and Trust Company." Appellant plead that it was a corporation, and that its corporate name was "Western Bank and Trust Company," and not "The Western Bank and Trust Company," and alleged that there was no such corporation as "The Western Bank and Trust Company." It excepted generally and specially to the pleadings of appellee, and plead a general denial, and specially that the appellee agreed to consign to appellant the number of bales of cotton mentioned in said cotton consignment contracts, and agreed to pay to appellant $1.00 per bale on all cotton which he might deliver to it, and that said charge of $1.00 per bale should include appellant's commission, and all charges on said cotton, except freight charges, etc., and all extra charges accruing after being held one month, and that if he failed or refused to consign said cotton, as agreed to in said written consignment, then he should pay to appellant $1.00 per bale for each and every bale of cotton short of the number of bales agreed to be consigned; and that appellant had prepared itself to receive said cotton and sell the same on consignment, and was ready and willing on its part to carry out said contract, and that the charge of $1.00 per bale therefor was not usurious, but was to compensate appellant for its services in handling and caring for and selling said cotton, and for paying insurances and paying expenses, such as fire insurance, rents, taxes, market reports, clerk hire, etc., which expenses were rendered necessary to enable appellant to handle and sell cotton of its customers as it agreed to do in said cotton consignment contracts. Appellant further alleged that on November 14, 1903, it had no part or interest in the business of said Texas Cotton Commission Company, and that it had no interest in the business transactions between appellee and said Texas Cotton Commission Company, and that it did not, directly or indirectly, receive any part of the money paid by appellee to said Texas Cotton Commission Company. Nor did it receive anything after November 14, 1903. Appellant further plead that it could not be held for any sum of money usuriously charged, or collected, by said Texas Cotton Commission Company, alleging that it was a distinct corporation from said commission company and had no interest in common with it, and was not liable for any usury collected by said commission company, if it collected any.

The facts show that on February 14, 1903, appellee borrowed from Western Bank and Trust Company the sum of $200 and gave his note therefor for $212.64, with interest to September 15, 1903, charging 10 percent per annum for said money, and that appellee executed to appellant an agreement to consign to appellant thirty-two bales of cotton, to be handled and sold by appellant for his account. He was to pay for

such services $1.00 per bale, and if he failed or refused to consign said bales of cotton was still to pay $1.00 per bale as liquidated damages; and that on the 20th day of June, 1903, appellant loaned appellee $25.00 in money and charged him fifty cents interest thereon from said date until September 15, 1903, and appellee executed to appellant another cotton consignment contract for the consignment of four bales of cotton; the entire obligations, principal and interest and cotton consignment contracts amounted to the sum of two hundred and seventy-four and fourteen one-hundredths dollars ($274.14), with interest after maturity; that during the fall of 1903, between September 15 and November 14, appellee paid to appellant the sum of two hundred and three and fifty one-hundredths dollars ($203.50), which paid all of said amount, except $70.64. This balance of $70.64 was well secured by a mortgage on stock, etc., and appellant sold said $70.64, with the accrued interest thereon since maturity, to said Texas Cotton Commission Company for $70.64, and afterwards appellee executed to said Texas Cotton Commission Company his note for $77.71, due in the fall of 1904, $7.07 of which was interest to maturity, and the note bearing interest after maturity; he also executed to said Texas Cotton Commission Company a cotton contract for the consignment of twelve bales of cotton, or the payment of $12.00 in the fall of 1904. Appellee paid to said Texas Cotton Commission Company the amount of said note and cotton contract, amounting to $89.71, none of which was paid to or received by appellant, but it had sold said obligations remaining unpaid during the fall of 1903. The payments, during the fall of 1903, of appellee to appellant, were general payments and no request was made as to the application thereof; whether the same should be applied to the principal indebtedness, to the interest, or to said cotton contracts. The payments, however, were duly credited on the appellee's notes, there being no credit on either of the cotton contracts.

*Opinion.*—The appellant complains of the action of the court in over-ruling its plea in abatement, in that the suit was against "The Western Bank and Trust Company," when its corporate name was "Western Bank and Trust Company." The prefixing of the definite article "The" to the Western Bank and Trust Company, we think immaterial. It does not change the name in a manner that would in any way mislead, and the change, if it be so considered, is such that it is not worthy of notice by the courts.

A special exception to the effect that the petition did not allege when payments of usurious interest were made, to whom paid, nor the amounts thereof, was overruled. This exception, we think, should have been sustained, because it was a vital question, if usurious interest was paid, when and to whom it was paid, for if the defendant did not receive the payments, or the benefit thereof, no liability was incurred by it.

The court erred in permitting plaintiff to testify that in 1902 he borrowed money of the Mexia Loan & Trust Company, of which S. E. Colgin was then manager, under a cotton contract similar to the one made with defendant in 1903, and that Colgin told him when he brought in the cotton for delivery in the fall of 1902, to go sell it and bring him the money, that it was the money he wanted and not the cotton. The

defendant was not doing business in Mexia at that time, and the statements made by Colgin were hearsay and not binding on the defendant.

Where, in calculating interest, the amount charged is to a small extent greater than allowed by law, and is so made by mistake and not with intent to charge usury, it is not usurious, but the court can make the proper deduction and the party making such mistake will not be liable for the penalty. (Jarvis v. Southern Grocery Co., 38 S. W. Rep., 148.)

It was alleged that at the time said money was borrowed, in addition to the interest added on the face of the note, the plaintiff executed a contract by which he was to consign to defendant a certain number of bales of cotton to be sold, for which defendant was to charge $1.00 per bale for handling, insurance, etc., and in the event plaintiff failed to deliver said cotton he was to pay defendant as liquidated damages, the sum of $1.00 per bale. Plaintiff further alleged that said contract for the cotton was a scheme and device to cover up the charge of usurious interest. Whether or not it was for that purpose was a question for the jury. If defendant, in addition to doing a banking business, was engaged also in the business of a cotton factor, that is, if it had prepared itself to receive and sell cotton consigned to it, and incurred expenses for handling cotton as a factor, then the making of such cotton contract would be legitimate and not usurious. But if made for the purpose of concealing its usurious designs then the contract would be usurious. (Huddleston v. Kempner, 1 Texas Civ. App. Rep., 213; Blackburn v. Haynes, 27 S. W. Rep., 240; Mills v. Johnson, 23 Texas, 324; Jarvis v. Grocery Co., supra; Allen West Com. Co. v. Carroll, 58 S. W. Rep., 314.)

The evidence shows without contradiction that plaintiff paid to defendant on his indebtedness $203.50, which was about $21.00 less than the amount of the principal sum borrowed. At the time of payment there was no understanding between the parties as to how the payment was to be applied, whether to principal or interest. After said payment and after the maturity of said contracts, the defendant for a valuable consideration, transferred said notes and said cotton contracts to the Texas Cotton Commission Company, and thereafter the plaintiff renewed said obligation, in consideration of an extension of time for payment, to the said Texas Cotton Commission Company, and thereafter paid to said commission company the said balance due on said contracts. The defendant was separate and distinct from and in no way connected with or interested in the Texas Cotton Commission Company.

When a debtor makes a payment on an usurious contract, though it be a payment on the interest, he can not recover for usurious interest paid, unless the amount so paid exceeds the principal. In such cases the payments when amounting to less, or not more than the principal, the law applies it to payments on the principal. International B. & L. Assn. v. Biering, 86 Texas, 480; Cotton States B. Co. v. Peightal, 28 Texas Civ. App., 575; American M. B. & S. Assn. v. Daugherty, 66 S. W. Rep., 575; Citizens' Nat. Bank v. Foreman, 63 S. W. Rep., 454. The evidence showing that defendant did not receive as payment on the contracts as much as the principal, and the law making that a payment on the principal, and it being shown that the Texas Cotton Commission

Company received the balance due, the inquiry arises: Can the plaintiff recover of defendant for receiving usury?

Article 3106, Revised Statutes, provides in effect that where usurious interest is received or collected the person paying the same may "recover from the person, firm or corporation receiving the same, double the amount of the interest so received or collected."

It is to be noted that the recovery is only allowed against the party "receiving or collecting" the same. As defendant did not receive or collect from plaintiff usury no right of action exists in his favor against the defendant. (Webb v. Galveston & H. Investment Co., 75 S. W. Rep., 355.)

The evidence being uncontradicted that defendant did not receive or collect usurious interest the judgment is reversed and here rendered for appellant.

*Reversed and rendered.*