SCOTT *v.* MCCRAW, PERKINS & WEBBER COMPANY.

. Opinion delivered May 31, 1915.

1. PLEADING AND PRACTICE—CROSS-COMPLAINT—ANSWER.—Where proof is taken which puts in issue the allegations of a cross-complaint it is not error to permit the filing of an answer to the cross-complaint, after all the proof is in, but before submission of the case.

2. ACTIONS—TRANSFER FROM LAW TO EQUITY—INVITED ERROR.—Appellant cannot complain when a cause is erroneously transferred to equity, when done on his motion.

3. ACTIONS—TRANSFER FROM LAW TO EQUITY—ACCOUNTING.—A cause is properly transferred from law to equity, which involves the determination of the prices which various bales of cotton should have brought, if sold in accordance with the terms of the contract between the parties.

4. CONTRACTS—COMMISSIONS—USURY.—A contract to pay commissions on the sale of cotton, whether the same was shipped by appellant to appellee or not, *held* not to be usurious, but in the nature of liquidated damages.

Appeal from Pulaski Chancery Court; *John E. Martineau,* Chancellor; reversed on cross-appeal; affirmed on appeal.

STATEMENT BY THE COURT.

Appellant was a planter and merchant at Eudora, Arkansas, during the years in which the cotton involved in this litigation was shipped. The appellees were commission merchants in Memphis. Appellant bought cotton on the streets of Eudora and shipped it, as well as that raised by his own tenants, to appellees, who had made him advances on it, and after closing the transactions between the parties, a balance was claimed by appellees of $2,-519.59, with interest at 6 per cent from February 27, 1912.

Suit was filed by appellees on this account in the Pulaski Circuit Court July 20, 1913. Appellant answered, alleging that his instructions in regard to the sale of his cotton had not been observed, and he claimed, by way

of cross-complaint, an excess over said account, which he claims resulted from appellees' failure to observe his instructions. He asked that the cause be transferred to the chancery court to purge appellees' account of illegal charges of interest, all commission on cotton not shipped, all charges of storage, fire insurance and commissions on cotton that was wrongfully held by appellees, and further that the value of cotton at the time it should have been sold in obedience to appellant's instructions be ascertained by a master appointed by the court for that purpose and a balance struck.

Depositions covering the various issues in the case were taken, and before the final submission of the cause, appellant moved to remand it to the circuit court on the ground that, at the time of filing his answer and cross-complaint in the circuit court, it was expected by all parties that the issues made would develop a state of facts that would call for an accounting by a master, and that the intervention of the chancery court would be necessary, but he alleged in his motion to remand that the evidence taken had developed the fact that no accounting was necessary and no question of equity jurisdiction was involved. The motion was overruled and exceptions duly saved.

Appellant moved the court for a decree on his cross-complaint except as to the value of the cotton, as to which he offered proof; but this motion was overruled, and appellees were permitted to file an answer, denying the allegations of the cross-complaint. Thereafter, the cause was submitted to the chancellor upon a voluminous record and a decree rendered in favor of appellees for the sum of $2,003.39, which was the full amount for which judgment had been prayed less the amount of commissions claimed by appellees on cotton which appellant had contracted to to ship, or, upon failure so to do, to pay commissions on any deficiency at the rate of $1.25 per bale. Both parties have appealed from the decree.

Appellant had dealt with appellees as commission merchants and cotton factors for five years, and during this time borrowed large sums of money and shipped a

large quantity of cotton, and the evidence appears to show without contradiction that the basis of their transactions was that appellees should advance money, which was to be repaid by appellant by the shipment of cotton. On April 9, 1910, appellant entered into an agreement with appellees whereby, in consideration of the sum of $5,000 to be thereafter advanced, appellant agreed to ship, during the cotton season of 1910 and 1911, 400 bales of cotton, to be sold by appellees on commission for appellant's account, with a proviso that, in case there was any failure on appellant's part to ship the cotton contracted for, appellant should pay commissions, at the rate of $1.25 per bale, upon each bale which appellant had failed to ship. Similar agreements had been made for the shipment of the same amount of cotton during the previous years during which the parties did business together, and in some of these years a quantity of cotton in excess of the amount contracted to be shipped had been shipped; but the difference between the parties as to cotton not shipped in accordance with the contract is confined to the cotton year of 1910 and 1911.

Appellant was furnished the money contracted for, and at the beginning of the cotton season, commenced shipping to appellees cotton raised by him on his own plantation and other cotton purchased by him at Eudora. Appellant soon became dissatisfied with the prices obtained for his cotton, and offered proof tending to show that his cotton was not being sold at the highest market price, and that higher prices were being obtained for similar cotton in the markets at Greenville, Mississippi, and New Orleans, and that some of the cotton which appellant had purchased at Eudora was sold in Memphis below its cost.

There is a sharp conflict in the evidence in regard to the price which should have been obtained for this cotton, and this question is involved principally in the sale of cotton which was reported sold at one price and afterward reported as having been rejected because of the cotton being stained and mixed. The proof shows that appellant called on appellees in November, 1910, and directed that

his cotton be held until a price named by him could be obtained for it. Appellant admits having given this direction in regard to holding his cotton, but he says that in December thereafter and again in February, 1911, he called upon appellees and directed that his cotton be placed on the market and sold. The evidence in this respect is also sharply conflicting; that on the part of the appellant being to the effect that his directions were not obeyed, and that considerable loss was sustained on that account. Upon the other hand appellees testified that appellant's directions had been followed, and that the market price of all cotton had been obtained at the time of the respective sales of the cotton, but that the sale of the cotton had been hampered by appellant's directions, as a result of which they had been compelled to hold cotton while the market was high, and had been required to sell it when the price was low; and the proof on the part of appellees was also to the effect that some of their most advantageous sales had been annulled because the cotton, on delivery, did not correspond to the samples under which it had been sold.

*Baldy Vinson, S. M. Wassell* and *Miles & Wade,* for appellant.

1. The cause should have been transferred to the law court; the intervention of a court of equity was not necessary as developed by the evidence. 105 U. S. 430; 33 Atl. 193; 4 Wash. 534; 108 Ark. 283; 19 L. R. A. (N. S.) 1064, and note; 70 Ark. 157. Consent can not give jurisdiction. 88 Ark. 1.

2. In addition to the highest rate of interest allowed by law, a charge of $1.25 per bale for cotton not shipped, constitutes usury. 39 Cyc. 971; 59 Ark. 366; 93 U. S. 344; 160 Fed. 425.

3. Appellees were liable for damages for failure to obey instructions as to the sale of cotton. 78 Ark. 402, is not applicable. 31 Cyc. 1451-2-3.

*Riddick & Dobyns,* for appellee.

1. The chancery court had jurisdiction. 22 Ark. 301; 49 *Id.* 575; 51 *Id.* 198; 82 *Id.* 547; 31 *Id.* 345. The motion to transfer was made by appellant, and the cause

was transferred on his motion.   74 Ark. 104; 75 *Id.* 400; 92 *Id.* 46; 89 *Id.* 143, etc.

2.   The question of usury can not be considered. Usury must be specifically pleaded.   26 Ark. 358; 17 *Id.* 138; 25 *Id.* 260; 30 *Id.* 145; 22 *Id.* 409.

3.   The stipulation to pay commissions on cotton not shipped is not usury.   91 Ark. 438; 74 *Id.* 41; 58 S. W. 314; 93 S. W. 1102; 22 S. C. 367; 40 So. 458; 59 Ark. 366.

4.   Appellant's contention that his instructions as to the sale of cotton were disobeyed, is not sustained by the evidence.   Besides, he ratified the sale by silence and failure to disapprove the sale.   The chancellor's finding is not against the preponderance of the evidence.

SMITH, J., (after stating the facts).   (1)   We think no error was committed in permitting appellees to file an answer to the cross-complaint after the proof had all been taken and before the case was submitted.   The effect of the proof which had been taken was to put in issue the allegations of the cross-complaint, and no prejudice could have resulted to appellant in having the truth of the allegations of his cross-complaint formally denied.   *Beekman Lbr. Co.* v. *Kittrell,* 80 Ark. 228.

(2-3)   No error was committed by the court in refusing to transfer the cause to the circuit court.   The cause was transferred to the chancery court upon appellant's motion, and he is in no position to complain of that action of the court, even though the order was improperly made.   It is not contended that under the allegations of the pleadings this transfer was improper.   It is only urged that after the proof had been taken it then appeared that there was no ground upon which the cause should have been transferred to the chancery court.   But we do not agree with that contention.   If appellant is correct in his theory of this case, and is entitled to recover the damages claimed by him, these damages could be ascertained only after much accounting.   Under the allegations of appellant's cross-complaint numerous bales of cotton had been sold at different times at less than the prevailing market price, and a determination of the price which the various bales of cotton should have brought would have

involved a consideration of the grades and character of the cotton, and in view of the accounting which would have been necessary to determine those questions, if the proof had made it necessary to pass upon them, we think the case was properly transferred to the chancery court.

The principal question in the case is whether or not appellant's instructions in regard to the sale of his cotton were obeyed. The parties do not disagree about the law upon this subject, and appellees concede that it was their duty to have followed appellant's instructions, but they claim that they did so. The proof shows that some of the cotton was held for months, and that a very considerable loss was sustained as a result of this action; but appellees deny ever having received instructions to sell the cotton below 16 cents, the price per pound fixed by appellant when he first ordered the cotton held, and that this price could not be obtained. We will not undertake to review the evidence upon this question, but announce our conclusion to be that the finding of the chancellor does not appear to have been clearly against the preponderance of the evidence.

(4) The chancellor disallowed, however, the claim for commissions upon the cotton which appellant failed to ship, and appellees have prosecuted a cross-appeal from that finding. The decree of the chancellor in this respect must be reversed. The proof does not show that this contract for the shipment of cotton was designed as a cloak for usury. Upon the contrary, appellant had, in former seasons, shipped the quantity of cotton here contracted for, and it was in the contemplation of the parties that this amount of cotton should be shipped during the season covered by the agreement. Such provisions have been upheld as a stipulation for liquidated damages for breach of the contract to ship the cotton. *Allen-West Commission Co.* v. *Peoples Bank*, 74 Ark. 41; *Blackburn* v. *Hayes*, 59 Ark. 366.

The decree of the chancellor upon the appeal is affirmed, and upon the cross-appeal his decree in favor of appellees will be modified and a decree will be rendered here for the sum of $2,519.59, with interest from Febru-

ary 27, 1912, at 6 per cent, the difference between the decree here rendered and the one pronounced by the court below being the amount due on account of commissions on cotton not shipped.

McCULLOCH, C. J., disqualified and not participating.