## O'KEEFE v. ROSE. (No. 3744.)

Court of Civil Appeals of Texas. Texarkana.
Dec. 5, 1929.

Rehearing Denied Jan. 2, 1930.

Davis & Hatchell, of Dallas, for plaintiff in error.

Coke & Coke and Thomas G. Murnane, all of Dallas, for defendant in error.

WILLSON, C. J. Plaintiff in error R. W. O'Keefe owned property known as the "North Texas Building" situated. in the city of Dallas. The property was incumbered by a valid lien thereon to secure indebtedness amounting to more than $110,000. November 23, 1925, O'Keefe borrowed $36,500 of I. E. Rose, deceased husband of defendant in error, Mrs. Pauline Rose. At the time he borrowed the $36,500, O'Keefe made a promissory note to said I. E. Rose for $40,000, payable three years from its date (said November 23), and stipulating for interest payable semiannually as it accrued at the rate of 8 per cent. per annum from its said date; and at the same time executed and delivered a deed conveying the property mentioned to a trustee to secure the payment of the note according to its tenor and legal effect. O'Keefe paid the $1,600 interest due on the note May 23, 1926, according to its terms, and the $1,600 interest thereon due November 23, 1926, and on April 6, 1927, in conformity to an agreement between him and defendant in error (said I. E. Rose having died October 7, 1926, and defendant in error being the sole devisee of his estate, valued at $400,000, and independent executrix of his will), conveyed said North Texas Building property to her; the consideration of such conveyance being the cancellation of the $40,000 note, on which additional interest amounting to $1,200 had accrued, the payment of about $4,000 taxes due on the property, the payment of $2,274.65 in cash on his (O'Keefe's) account, and the assumption by her of the payment of his said indebtedness of about $110,000 and $3,300 interest accrued thereon secured by said first lien on the property. This suit by O'Keefe against Mrs. Rose, as an individual and as executrix aforesaid was on the theory that the contract covering the $36,500 loan was usurious within the meaning of the statute (title 79, R. S. 1925), and that he therefore was entitled to recover of Mrs. Rose double the amount of the interest he paid in performance thereof, or, if he was not entitled to recover double the amount of such interest,

was entitled to recover back the sum he had paid as interest.

Mrs. Rose's contention at the trial was that the contract covering the $36,500 loan, evidenced by the note and trust deed referred to was not usurious, and that O'Keefe had not paid to her and her deceased husband on account thereof interest in excess of the amount they were lawfully entitled to demand and receive of him. She contended, further, that, if the contract covering said loan was usurious, and if O'Keefe had paid usurious interest thereon, his claim on account thereof was satisfied in the transaction wherein he conveyed the building referred to to her, and further, that O'Keefe was estopped from claiming the liability he was asserting against her.

It appeared from evidence heard at the trial that in the negotiations for the loan of $36,500 O'Keefe acted by his agent, J. W. Ryan, and the jury found that. Rose acted by his agents, J. R. Eldridge and F. L. Payton. The jury found further, in response to an issue submitted to them, that "in executing the deed and in cancelling the note in April, 1927 (quoting), it was the intention of plaintiff R. W. O'Keefe that all the matters in controversy between the parties, including the usurious interest claim, if any, should be settled and satisfied by such transaction." It was on the finding of the jury set out, it seems, that the court rendered judgment denying O'Keefe a recovery of anything and in Mrs. Rose's favor for costs.

■ The most, we think, Mrs. Rose was entitled, in any event, to claim of O'Keefe on account of the loan, was the amount thereof, to wit, $36,500, and interest thereon at the rate of 10 per cent. per annum from November 23, 1925, the date of the loan, to April 6, 1927, the date the note was paid. Calculation will show that interest for that time at that rate, amounting to $4,125.01, added to the $36,500, makes a total of $40,625. Further calculation will show that the amount, to wit, $44,400 ($40,000 principal and $4,400 interest), Mrs. Rose was entitled by the terms of the note to demand and receive of O'Keefe on said April 7, 1927, was $3,375 in excess of the amount she could lawfully demand and receive for the use of the $36,500. Plainly, therefore, the contract covering the loan was a usurious one.

■ Further calculation will show that, when O'Keefe conveyed the North Texas Building to Mrs. Rose for the consideration stated above, he thereby paid her a sum as interest to that date amounting, when added to the $3,200 previously paid as interest, to $7,900. It follows by force of the statute (article 5073, R. S. 1925) that O'Keefe was entitled to recover of Mrs. Rose double the amount of the $6,300 paid to her of the $7,900 paid by him as interest (Western Bank &

Trust Co. v. Ogden, 42 Tex. Civ. App. 465, 93 S. W. 1102; Webb v. Investment Co., 32 Tex. Civ. App. 515, 75 S. W. 355), unless his claim therefor was compromised and settled in the transaction in which he conveyed the North Texas Building to her.

It will be noted, on referring to the statement above, that the jury found in response to an issue submitted to them that said claim had been so compromised and settled. In the court below, O'Keefe objected to the submission of the issue on the ground, among others, that its submission was not warranted by either the pleadings or the evidence; and by a proper assignment complains here because the court overruled his objection and submitted the issue. We are inclined to think the issue was not made by the pleadings, and are sure it was not made by the evidence. We have been referred to no evidence and have found none with the record indicating that the claim asserted by O'Keefe in this suit was considered by the parties in the transaction of April 6, 1927, hereinbefore referred to. On the contrary, the evidence before the court and jury strongly indicated, not only that the claim was not then considered but that it was not even in the minds of the parties at the time of that transaction.

As noted above, Mrs. Rose claimed at the trial that O'Keefe was estopped from maintaining this suit against her. But, as we understand her pleadings and the evidence, no fact constituting an estoppel was alleged and none was proven.

The judgment will be reversed, and judgment will be here rendered in O'Keefe's favor

for $12,600; that sum being double the amount of the usurious interest paid by him to Mrs. Rose.

### On Motion of Defendant in Error for a Rehearing.

■ In the opinion is a statement as follows: "The most, we think, Mrs. Rose was entitled, in any event, to claim of O'Keefe on account of the loan was the amount thereof, to wit, $36,500 and interest thereon at the rate of 10 per cent. per annum from November 23, 1925, the date of the loan, to April 6, 1927, the date the note was paid." The note not being payable until three years after its date, it is insisted in the motion that, in the transaction resulting in the conveyance of the North Texas Building to Mrs. Rose, she was entitled to demand payment of interest for the three years instead of to April 6, 1927. We agree she was, and that the statement referred to was erroneous. But it was not an error prejudicial to rights of Mrs. Rose. The effect of her demanding and receiving interest for the three years would be to increase, and not decrease, the amount of her liability to O'Keefe.

It is insisted further in the motion that the testimony did not warrant the finding of the jury that Eldridge and Peyton acted as agents of I. E. Rose in the transaction whereby said I. E. Rose loaned the $36,500 to O'Keefe. We thought when the record was first before us that the testimony did warrant the finding, and, after considering it further, still think so.

The motion is overruled.