## DEMING INV. CO. v. GIDDENS et ux.

### No. 9398.

Court of Civil Appeals of Texas. Dallas.
June 27, 1931.

Rehearing Denied July 20, 1931.

See also (Tex. Sup.) 30 S.W.(2d) 287.

Read, Lowrance & Bates, of Dallas, for appellant.

Moore & Moore, of Paris, for appellees.

JONES, C. J.

Appellees, Joe D. Giddens and wife, Ethel Giddens, secured a loan of $13,000 from appellant, Deming Investment Company, a corporation incorporated under the laws of the state of Kansas and legally doing business in this state. This loan was secured on February 16,

1921, and is evidenced by a note of that date executed by appellees to appellant in the sum of $12,000, with interest at the rate of 6 per cent. per annum payable annually on January 1st of each year until the maturity of the note on January 1, 1931, as evidenced by the coupon notes. The first of these notes is for the sum of $616, and the remaining nine of such notes is for the sum of $720 each. The principal note, as well as the coupon notes, provide for the acceleration of maturity if default should be made in the payment of any coupon note when it became due, and provided for 10 per cent. interest on all unpaid notes. from the time of the default.

Appellees, on the same date (February 16, 1921) and as a part of the same transaction, executed to appellant five other notes; the remaining $1,000 of the principal of the loan was included in the first and second of this series of notes. Note No. 1 of this series, which included $500 of the principal, was in the principal sum of $1,331.35, and matured January 1, 1922; note No. 2 was for the sum of $1,310, which included the remaining $500 of the principal, and matured January 1, 1923. Each of the remaining three notes of this series was for $780, maturing respectively January 1, 1924, January 1, 1925, and January 1, 1926. By their terms and by the terms of the trust deed securing them, the holder of the series of five notes was empowered to declare all of said notes due and payable at his election on default of payment of any note of the series, and after their maturity was so declared, each unpaid note was to bear interest, from the date of the accelerated maturity, at the rate of 10 per cent. per annum.

The first note of $12,000, with its interest coupon notes, under its terms was secured by a first lien created by a deed of trust given by appellees on 600 acres of land in Red River county, Tex. The series of five notes was likewise secured by a deed of trust lien on the same land, but this lien was made secondary to the one securing the $12,000 note. The series of five notes purported to represent earned commissions due to appellant for negotiating the loan, and the written application to appellant by appellees for the loan contained a clause appointing appellant their agent to procure the loan, and to forward to the holder of notes the interest money as the same became due under the terms of the loan.

The second deed of trust, securing the series of five notes, contained this clause: " * * * And it is understood that the Deming Investment Company, while advancing the money to the first party (appellees) on said loan, is acting merely as the agent of the first party for the negotiation of the same in the market, and the notes secured by this deed of trust represent the earned commission which the party of the first part agreed to pay to the third party for the negotiations of said loan, regardless of any payment on the first lien note prior to its maturity." Appellees paid the coupon note for $616 and note No. 1 in the sum of $1,331.35 on February 28, 1922, together with $32.45 as interest after the maturity of these said notes. This payment was made to appellant and it receipted appellees therefor, sending the $616 to the holder of the $12,000 note.

When the second note for $720, and the second note of the series of five notes, in the sum of $1,310, became due on January 1, 1923, appellees defaulted as to both notes and appellant, after paying to the holder with its own funds the amount of the coupon note, availed itself of its option to declare the remaining three notes of this series due and instituted this suit to recover the $720 advanced on the coupon note and the amount of the remaining four notes of the series of five, together with the 10 per cent. attorney fees and interest at the rate of 10 per cent. from the date of default, and for a foreclosure of the deed of trust lien securing these notes. The first note for $12,000 was only incidentally involved in this suit. About five months after the execution of said note, it and the ten coupon interest notes attached thereto were sold and transferred by appellant to the Rutland Trust Company.

Appellees defended this suit under a plea of usury and by cross-action sought to recover the statutory penalty alleged to have accrued in their favor, by reason of the payment of usurious interest. The allegations in the pleadings of both appellant and appellees are full and are sufficient to raise the issues herein discussed.

The case was tried to the court without a jury, and judgment was rendered in favor of appellees, decreeing the contract usurious, and awarding them a part only of the relief sought by their cross-action. Appellant has duly perfected its appeal to this court, and appellees have duly filed cross-assignments of error because of the denial by the trial court of the entire relief for which they prayed in their cross-action.

Appellant presents two main questions: (a) That under the terms of the contract, as shown by the application for the loan and by the notes and deeds of trust executed, it was not in fact the lender of the money to appellees, but was only the agent of appellees to procure for them the loan for which they applied, and that the clear terms of the instruments describing them as such agent are not changed because appellant advanced to appellees, from its own funds, the full amount of the loan, before they negotiated the said $12,000 note, and that the series of five notes, except as to $500 of the principal of the loan in each of notes Nos. 1 and 2, represent the earned commission coming to them, and do not represent interest on the loan. (b) If, however, notes Nos. 1 and 2, less the $1,000 of

the principal represented in said two notes, and notes Nos. 3, 4, and 5, be considered a part of the interest, the contract nevertheless is not usurious, because the loan was to run for ten years and these sums of money, together with the aggregate of the interest coupon notes on the $12,000 note, represent an amount less than the maximum rate of 10 per cent. per annum allowed by law, and hence the contract is not usurious. In their answer and cross-action, appellees do not contest their liability for the unpaid balance of $500, in the second note of the series of commission notes, but claim that the contract is usurious on its face, in that it appears that the series of five notes, except as to said portion of the principal of the loan, evidence a payment to the lender for use of money borrowed and do not represent commission to a broker for securing the loan of money. By their cross-bill, appellees sought to recover the statutory penalty of double the amount of the $616 they had paid as interest on the $12,000 note, double the amount of $831.35 they had paid to appellant as interest represented by the first of the series of five notes, and denied the right of appellant to recover from them the $720 advanced by it to the Rutland Trust Company, in discharge of the second interest coupon note. They also sought to recover double the amount of $32.45 that they had paid, as overdue interest, on the first of the series of five notes.

The court found as a fact that the contract between the parties is usurious, allowed plaintiff a recovery of $500 as part of the principal included in the second of the commission notes, and also allowed 10 per cent. attorney fees, making this recovery $550. The court also allowed a recovery in favor of appellant against appellees for $720, the principal of the second coupon note it had paid to the Rutland Trust Company, and allowed 10 per cent. attorney fees additional, making the recovery on this item the sum of $792, and a total recovery against appellees of $1,342. The court canceled the other commission notes and denied recovery thereon.

The court allowed appellees, on their cross-action, recovery for the sum of $1,727.60, as penalty for collecting usurious interest. This amount is made up of double the sum of $831.-35, the amount of interest embraced in note No. 1 of the series of five notes, and double the sum of $32.45, the amount of overdue interest at the rate of 10 per cent. collected by appellant from appellees because of the belated payment. The court denied recovery of double the amount of the first coupon interest note of $616, paid by appellees and received by the Rutland Trust Company. When the recovery allowed appellant is subtracted from the recovery allowed appellees, it leaves a balance in favor of appellees in the sum of $385.-60, and judgment in favor of appellees for such sum was rendered.

Appellees' cross-assignments of error challenge the correctness of the judgment in not allowing the recovery from appellant of double the amount of the first coupon note they had paid, and in allowing appellant recovery against them for the sum of $792, principal and attorney fees on the second coupon note, which had been paid by appellant to the Rutland Trust Company in settlement of the second coupon note, in payment of which appellees had defaulted.

In reference to appellant's first contention: Was it a mere broker, acting as agent for appellees, to secure a loan of $13,000? The findings of the trial court are to the effect that appellant was the actual lender of the money, and we think this finding is sustained by the evidence. The money borrowed was paid to appellees by appellant from its own funds. It represented to appellees, both by statements made by its manager and by statements on the letterheads of letters written to appellees, that it furnished the borrower its own money and did not contract loans for the purpose of negotiating with some other lender of money. It is true that some five months after the amount of the loan was given to appellees, it negotiated a sale or transfer of the note, representing $12,000 of this loan, to the Rutland Trust Company; but this in no way conflicts with the findings of the court that the loan was made by appellant acting in its own behalf.

It is immaterial how or in what manner or form the lender of money cloaks a usurious charge for its use or detention, if the result is that such lender, by such means, exacts more than the maximum rate of interest, the contract is vitiated with the taint of usury. The lender may style the excessive interest a bonus or a commission given to him as agent, but if he is in fact the lender of the money, and hence acting for himself and not for another, and receives the bonus or commission for the lending of his own money, the law denominates such "bonus" or "commission" as "additional interest." Mitchell v. Napier, 22 Tex. 121, 129; 39 Cyc. 971, 977; 27 R. C. L. 211, and authorities cited in these texts; Shear Co. v. Hall (Tex. Com. App.) 235 S. W. 195.

The second contention of appellant was certified to the Supreme Court of this state, and in an opinion by Mr. Justice Greenwood, that court held that the contract was usurious. The statement of this court to the Supreme Court found as a fact that the notes styled commission notes were in fact interest notes, and the opinion of the Supreme Court assumed this to be a fact. The opinion of the Supreme Court is reported in 30 S.W.(2d) 287, and is styled Deming Investment Co. v. Giddens et ux., and the statement thereunder is here referred to and the opinion is cited as authority for the holding that the contract is

usurious. See also Shropshire v. Commerce Farm Credit Co. (Tex. Sup.) 30 S.W.(2d) 282.

As to appellees' cross-assignments: Did the court err in refusing to give appellees judgment for double the amount of the first coupon note paid to appellant and remitted by it to the Rutland Trust Company? The action asserted on appellees' cross-action is purely a statutory action in this state. The authority to sue for a penalty of double the amount of usurious interest paid by a borrower is given by article 5073, R. C. S., which declares that: "Within two years after the time that a greater rate of interest than ten per cent. shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. * * *" Under this statute, appellees are allowed to recover double the amount of the interest from the one receiving the same; that is, the one for whose benefit it was paid. · In the instant case, the Deming Investment Company, while it collected the usurious interest, did not receive the same within the meaning of this statute, and hence is not the one against whom the suit to recover such penalty can be maintained. The Rutland Trust Company was not a party to this suit, and no recovery, of course, was asked against it. This contention of appellees is overruled. Webb v. G. & H. Inv. Co., 32 Tex. Civ. App. 515, 75 S. W. 355; Western Bank & Trust Co. v. Ogden, 42 Tex. Civ. App. 465, 93 S. W. 1102.

Did the court err in allowing appellant recovery against appellees in the sum of $792, principal and attorney fees, on the second coupon note paid by it to the Rutland Trust Company on default of appellees? The payment by appellant of the amount of that note was the payment of usurious interest charged against appellees, which neither the Rutland Trust Company nor appellant had a legal right to exact. The usurious contract was entered into by appellant; it knew all of its terms when it paid this money to the Rutland Trust Company. Article 5069 in part declares that: " 'Usury' is interest in excess of the amount allowed by law; all contracts for usury are contrary to public policy and shall be void." Under the plain terms of this statute, the contract for interest on this entire loan was void, and a suit in any form by appellant for any part of the usurious interest cannot be maintained, for appellant is not an innocent party. We sustain the cross-assignment of error in regard to this contention, and hold that the court erred in allowing appellant recovery of the $792, and erred in charging the amount of this recovery against appellees.

It follows that the judgment of the lower court must be reformed so as to deny appellant a recovery for the said sum of $792, and to increase appellees' recovery in a like amount, but that in all other respects the judgment should be affirmed. As reformed the judgment in favor of appellees is changed to the sum of $1,177.60, in lieu of the $385 allowed by the trial court. All other assignments of error are overruled.

Reformed and affirmed.

### On Motion for Rehearing.

Appellees have called our attention to the fact that, in reforming and affirming the judgment of the district court, we did not allow interest on the judgment as reformed at the rate of 6 per cent. per annum from the date of the judgment in the district court. This was an oversight, and the judgment here rendered is corrected so as to provide for interest on the amount at the rate of 6 per cent. per annum from November 15, 1924, the date of the judgment of the district court. Article 5072, R. S. 1925; Baum v. Daniels, 55 Tex. Civ. App. 273, 118 S. W. 754. Appellees' motion in all other respects is overruled.

Appellant's motion for rehearing is overruled.