### SCHOOLCRAFT et al. v. TEMPLE TRUST CO.

#### No. 4099.

Court of Civil Appeals of Texas. Amarillo.

Nov. 8, 1933.

Nordyke & Starnes, of Lubbock, for appellants.

Bean, Duggan & Evans, of Lubbock, for appellee.

JACKSON, Justice.

This is an action in trespass to try title instituted by appellee Temple Trust Company, against the appellants Arty Lee Schoolcraft and her minor daughter, Gertrude Schoolcraft, to recover lot 18 in block 102 of the Overton addition to the town of Lubbock.

The court appointed Hon. Chas. Nordyke guardian ad litem to represent the minor Gertrude Schoolcraft, who had been duly cited.

The appellants filed general demurrer; general denial, and by way of special answer pleaded that appellee was claiming title to the lot under a trustee's deed executed by the trustee in a deed of trust held by appellee against the lot to secure certain bonds or notes; that the sale under such deed of trust was void and the trustee's deed invalid, because the interest on the debt evidenced by the bonds and secured by the deed of trust was usurious; that, while the loan shown by said instruments purported to be for the sum of $3,500, in fact the appellee advanced to the payor of said notes but $3,150; that the payments, set out in detail, that had been made on the usurious interest, should be credited on the principal of the debt and, if so credited, they were not in default on the date of the trustee's sale.

They asked that the loan be declared usurious, the interest paid be applied on the principal debt, and the interest coupons and trustee's deed be canceled.

On a hearing before the court without the intervention of a jury, it was decreed that the Temple Trust Company have and recover of and from Arty Lee Schoolcraft and Gertrude Schoolcraft the title and possession of the lot involved in this suit, from which judgment this appeal is prosecuted.

The record shows that on October 21, 1925, John Gelin and wife, Elvira M. Gelin, executed to appellee a deed of trust covering the lot in controversy to secure the payment of $3,500, evidenced by four bonds or notes for

$200 each, four for $300, due respectively from November 1, 1926, to 1933, inclusive, and one for $1,500 due November 1, 1935; each of said notes provide for interest at the rate of 7 per cent. per annum, payable semi-annually and interest on past-due principal and interest at the rate of 10 per cent. per annum, together with 10 per cent. attorney's fees if placed in the hands of an attorney for collection. To each bond coupons were attached representing the amount of semiannual interest. Each of the notes stipulate that: "The maker of this bond reserves the option to pay same in full on May 1st or November 1st any year by giving Temple Trust Co. thirty days advance written notice, and should this option be exercised, interest coupons attached maturing after payment of bond shall be null and void." The provision in the deed of trust or mortgage necessary to a disposition of this appeal reads as follows:

"It is hereby further specially agreed that if any of said bond or any interest coupon thereto attached, or any taxes or assessments, or charge of any kind against said property which shall have been paid by the said Temple Trust Company, or its successors and assigns, remains unpaid for five days after the same are due, or in case any tax or assessment is assessed within the State of Texas against the debt or bond hereby secured, or the interest in said premises of the said Temple Trust Company, or its successors and assigns, or upon the rendering by any court of competent jurisdiction of a decision that the undertaking by the grantor as herein provided to pay any tax or taxes, is legally inoperative, then at the option of the said Temple Trust Company, or its successors and assigns, the whole indebtedness and all sums secured by this mortgage, to-wit: the principal and interest then accrued on said bond, and all advances made to or on account of the grantors herein, for taxes, assessments, and charges of every kind, shall at once become due and payable, and the moneys due on said bond and for advances as aforesaid, may be collected by a sale under this mortgage, or by a suit in the courts of Bell County, or otherwise, as the said Temple Trust Company, or its successors or assigns, may elect and in case said debt as evidenced by said bond, or any interest thereon, or any charge or charges accruing under the terms of this mortgage. shall be placed in the hands of an attorney for collection after maturity, or after the same have been declared to be due under the provisions hereof, or if placed in the hands of an attorney for collection before maturity under circumstances requiring collection by extraordinary legal process, or for collection through the courts of Bankruptcy or through the Probate Court, then the said grantor will agree to pay ten per centum of the entire amount due as attorney's fees."

On October 15, 1927, by proper deed from the owner thereof, the lot in controversy was conveyed to Arty Lee Schoolcraft for the consideration of $10, and "the assumption of by the said Arty Lee Schoolcraft, a loan in the amount of $3300.00 in favor of the Temple Trust Company, Temple, Texas, with the assumption of the interest from May 1, 1927."

It is conceded by appellee that the four notes for $200 each and the first of the $300 notes had been paid, and that all interest coupons maturing on and prior to November 1, 1930, had been paid, and that $30 had been paid on the interest coupons maturing on May 1, 1931. The record reveals that default had been made in the payment of the $300 note due November 1, 1931, as well as the interest coupons maturing after November 1, 1930; that on the first Tuesday in May, 1932, said lot was sold under the terms of the deed of trust, at which sale appellee purchased and received a trustee's deed for the lot.

■ The appellants' contention that the loan contract, as evidenced by the bonds and deed of trust, is usurious on its face, is not tenable. Each bond gave the borrower the option to pay same in full on any interest paying date, if he gave thirty days' advance written notice thereof, and provided, if such option was exercised, the interest coupons attached to such bonds maturing after its payment were null and void.

The deed of trust gave appellee the option, in case of default by the borrower, to declare "the whole indebtedness and all sums secured by this mortgage, to-wit: the principal and interest then accrued on said bond" due and payable, thus limiting the appellee, if it exercised its option because of default in payment, to the collection of "the principal and interest then accrued."

■ The bonds were in the aggregate principal sum of $3,500, and so described in the deed of trust. There is no testimony that the amount so evidenced was not the exact amount received by the borrower. The burden was on appellants to prove that the amount received was less than the amount evidenced by the bonds and deed of trust to maintain their contention that the loan contract was usurious. Shipman v. Wright (Tex. Civ. App.) 3 S.W.(2d) 519; Marsh v. Tiller (Tex. Civ. App.) 293 S. W. 223.

The record discloses that Arty Lee Schoolcraft had been duly and legally appointed as community administratrix of the estate of herself and her deceased husband; that, in purchasing the land in controversy, the indebtedness assumed by her was a part of the consideration for the lot and premises in controversy, hence all the rights acquired by appellants or either of them was subject to the payment of the purchase price of the property and the lien securing such payment.

The judgment is affirmed.