Gaines, Associate Justice.
Appellee brought suit in the court below against appellants upon a promissory note. To the (petition appellant Williams filed the following plea: “And for ■answer the said T. J. Williams says that the contract sued on is usurious and unlawful, in this, that defendant did pay to plaintiff’s agents two and one-half dollars of the money received by drim on the loan of six hundred dollars, to pay for negotiating said loan. Wherefore, he says he did not receive from plaintiffs *596 in fact six hundred dollars, to draw twelve per cent interest per annum, but five hundred and ninety-seven dollars and one-half, which latter sum was the sum actually received; and this he is ready to verify.” An exception to this plea was sustained by the court below, and its ruling is now assigned as error.
The plea does not allege that appellee knew of the payment by the borrower to the agents of the sum for their services in negotiating the loan, or that he authorized such a transaction. Had the plea contained these averments the question would have been difficult of determination. It is held in Illinois that if the lender takes of the borrower a note bearing the highest rate of interest allowed by law, and the lender’s agent, with his knowledge or consent receives of the borrower an additional sum in payment for his labor and trouble in consummating the transaction, the contract is usurious. (Payne v. Newcomb, 100 Illinois, 611.) The contrary doctrine seems to be held in Minnesota. (Acheson v. Chase, 28 Minnesota, 211.) But if it be not shown that the principal had knowledge of the act of his agent in receiving of the borrower compensation for his services, or that he authorized it, the authorities are overwhelming that the contract is not usurious. (Ballinger v. Bourland, 87 Illinois, 513; Condit v. Baldwin, 21 New York, 219; Bell v. Day, 32 New York, 165; Muir v. Newark Savings Institution, 1 Green, New Jersey, 537; Rogers v. Buckingham, 33 Connecticut, 81; Estevez v. Purdy, 66 New York, 446; Dickey v. Brown, 56 Iowa, 426. See also Fussell v. Daniel, 10 Exch., 581; same case, 29 English Law and Equity, 369; Kent v. Phelps, 2 Day, 483; Hutchinson v. Hosmer, 2 Connecticut, 341; McKesson v. McDowell, 4 Dev. and B., 120; Brown v. Harnon, 17 Alabama, 774; Cockle v. Flack, 93 United States, 344.)
Whether in a transaction of this character, a payment by the borrower to the agent of the lender of a fair compensation for his services in effecting the loan, though with the knowledge and consent of the latter, should in any case be held to make the contract usurious, may be doubted. But to our minds it is manifestly unjust to hold a loan usurious, when the lender has exacted only the lawful interest, because his agent, without his knowledge or consent, has received of the borrower for his own benefit an additional sum, which, with the interest contracted for, exceeds the amount permitted by law to be demanded for the use of money.
*597 Opinion delivered October 11, 1887.
The court below did not err in sustaining the exceptions to the plea, and this being the only assignment of error in the brief, the judgment is affirmed.

Affirmed.