**MARSH v. TILLER et al.  (No. 3357.)**

Court of Civil Appeals of Texas. Texarkana.
March 3, 1927.

**I. Appeal and error ⟷930(3)—Court must assume, in support of judgment, that note was found not usurious, in absence of request to submit issue (Rev. St. 1925, art. 2190).**

Where trial court did not submit and was not asked to submit to jury issue whether note was usurious, as alleged by appellant, appellate court must assume, in support of judgment, under Rev. St. 1925, art. 2190, that note was not usurious and that trial court so found, unless testimony forbade such finding.

**2. Usury ⟷113—Burden of proving that note was usurious, as alleged by one suing to set aside judgment thereon, was on him.**

Burden of proving that note, on which defendant recovered judgment sought to be set aside, was usurious, as alleged by plaintiff, was on latter.

**3. Usury ⟷117—Evidence held to support implied finding that amount included in purchase-money note in excess of agreed price and legal interest was not intended as interest (Vernon's Sayles' Ann. Civ. St. 1914, arts. 4979, 4980).**

In suit to set aside judgment on purchase-money note, stipulating for 10 per cent. interest, and hence not usurious on its face, under Vernon's Sayles' Ann. Civ. St. 1914, arts. 4979, 4980, evidence *held* sufficient to support finding, involved in judgment, that $150 included in note in excess of amount agreed to be paid for land was not intended as interest.

**4. Costs ⟷32(1)—One recovering judgment setting aside judgment was "successful party," entitled to costs of suit, though defendant recovered money judgment (Rev. St. 1925, art. 2056).**

One recovering judgment setting aside judgment against him was "successful party," within Rev. St. 1925, art. 2056, and hence entitled to recover costs of suit, though defendant recovered money judgment against him.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Successful Party.]

**5. Judgment ⟷468—Plaintiff held not entitled to costs in suit wherein judgment, set aside at his suit, was rendered.**

One recovering judgment setting aside judgment against him *held* not entitled to costs incurred in suit wherein prior judgment was rendered.

Appeal from District Court, Panola County; R. T. Brown, Judge.

Suit by J. E. Marsh and others against Julia Tiller and others. From the judgment rendered, the plaintiff named appeals. Reformed, and affirmed as reformed.

The suit was by appellant J. E. Marsh and appellees Ethel Marsh, John Smith, and J. M. Hickey, as plaintiffs, against appellees

Julia Tiller, J. C. Smiley, and T. L. Ritter, as defendants. It was to set aside a judgment (and for other relief not material to mention) rendered by the district court of Panola county April 1, 1924, in cause No. A-315, it was alleged, in favor of Mrs. Tiller against J. E. Marsh and John Smith for $3,526.67, the amount of a promissory note for $3,150, made by J. E. Marsh to Smith and indorsed by the latter to Mrs. Tiller; also in favor of Mrs. Tiller against Smiley, Ritter, Hickey, and Mrs. Marsh for $1,000, the amount of a note executed by them to Mrs. Tiller as further security for said $3,150 note; and also in favor of Mrs. Tiller against the other parties foreclosing liens asserted by her on certain land and personal property to secure the payment of said notes. On the theory that it did not state a case entitling the plaintiffs to relief they sought, the trial court sustained a general demurrer to their petition and (they refusing to amend same) dismissed their suit. Thereupon an appeal was prosecuted to this court, where the judgment of dismissal was reversed and the cause remanded to the trial court for a trial on its merits. 279 S. W. 283. Such a trial resulted in a judgment (from which J. E. Marsh alone appealed) as follows: (1) Setting aside the judgment above referred to as rendered April 1, 1924. (2) In favor of Mrs. Tiller against J. E. Marsh for $2,748.98 and the costs of this suit, and foreclosing a lien claimed by her on described land given to secure said $2,748.98. (3) In favor of Mrs. Marsh, Smiley, Hickey, and Ritter against Mrs. Tiller for costs incurred by them in this suit. (4) In favor of J. E. Marsh against Mrs. Tiller for all costs incurred in the suit in which the judgment set aside was rendered.

One of the two contentions urged here by appellant is based on allegations in his pleadings as follows, and on testimony which, he asserts, supported the allegations:

"The plaintiff J. E. Marsh would further show that the original consideration for the note for $3,150 was only $3,000 for the purchase money for the land described in this petition and in the plaintiff's petition in cause No. A-315. That said note was executed on the 25th day of August, 1919, and due on the 15th day of October, 1919. That said matter was to be cash consideration for $3,000, but for the payment to be deferred to the 15th day of October, 1919, the payee in said note, John Smith, required that plaintiffs Marsh should pay a bonus of $150, and that the same should go into and become a part of said note. That said amount was carried in said note as interest or for the forbearance of the payment of said $3,000 until the 15th day of October, 1919, and that the same was and is a usurious contract, and therefore the plaintiff in cause No. A-315 is not entitled to charge any interest on said note. That she purchased said note from said Smith after it was due, that she purchased said note on the 31st

⟷For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

day of October, 1919, after the due date of said note, which was on the 15th day of October, 1919. That the plaintiff J. E. Marsh has paid on said note the sum of $1,364.24, which would leave due on said note $1,735.76."

The other one of the two contentions is that the trial court erred when he adjudged the costs of this suit against appellant instead of against Mrs. Tiller.

Chas. E. Carter, of Marshall, and H. N. Nelson, of Carthage, for appellant.

B. W. Baker and Woolworth & Duran, all of Carthage, for appellees.

WILLSON, C. J. (after stating the facts as above). [1, 2] The trial court did not submit and appellant did not ask him to submit to the jury an issue as to whether the $3,150 note was usurious, as alleged by him, or not. Therefore this court must assume, in support of the judgment, that the note was not usurious and that the trial court found it was not, unless the testimony forbade such a finding (art. 2190, R. S. 1925); for the burden of proving the note was usurious, as alleged, was on appellant. Rushing v. Bank (Tex. Civ. App.) 162 S. W. 460; Slaughter Co. v. Eller (Tex. Civ. App.) 196 S. W. 704; Briant v. Carl-Lee Bros., 158 Ark. 62, 249 S. W. 577.

[3] As we view the record, appellant failed to make such proof. The allegation in his pleadings was that by the terms of the contract between him and Smith, made August 25, 1919, he was to pay only $3,000 for the land, and that $150 in excess of that amount "was carried (quoting) in said note as interest or for the forbearance of the payment of said $3,000 until the 15th day of October, 1919." The interest stipulated for in the note was at the rate of 10 per cent. per annum. Therefore the note was not usurious on its face. Articles 4979, 4980, Vernon's Statutes. Hence to establish his contention appellant must have adduced other evidence than the note itself. Slaughter Co. v. Eller (Tex. Civ. App.) 196 S. W. 704; Bank v. Waggener, 9 Pet. 378, 9 L. Ed. 163; 27 R. C. L. 268. He proved no more than that he was to pay only $3,000 for the land. He did not prove that the $150 in excess of that amount in the note was intended to be interest on the $3,000 from the date of the note to October 15, 1919, as he alleged. The testimony of Smith and appellant himself (and there was none other) was to the contrary of that allegation. Smith testified that Smiley represented him in selling the land to appellant, and that:

"Smiley (quoting) was to get $150 commission for making the deal for me."

Smith testified further that he did not know anything about the $150 being added to the $3,000 when the note was made, and that only $3,000 was paid to him on account of the note. He testified further that he did not pay Smiley the $150 the latter was entitled to for selling the land. Appellant, testifying as a witness, said the $150 "was for Mr. Smiley," and that he paid the amount to Smiley. If the testimony referred to did not establish, as a matter of law, that the $150 excess over $3,000, included in the note, was not intended to be interest, it certainly was sufficient to support the finding involved in the judgment that it was not so intended. If it was not, then the contract was not usurious. Slaughter v. Eller (Tex. Civ. App.) 196 S. W. 704; Bank v. Waggener, 9 Pet. 378, 9 L. Ed. 163; Henry v. Sansom, 2 Tex. Civ. App. 150, 21 S. W. 69; Williams v. Bryan, 68 Tex. 593, 5 S. W. 401; Carden v. Short (Tex. Civ. App.) 31 S. W. 246; Shaw v. Lumpkin (Tex. Civ. App.) 241 S. W. 220; Shropshire v. Commerce Farm Credit Co. (Tex. Civ. App.) 266 S. W. 612, Id. (Tex. Com. App.) 280 S. W. 181.

[4, 5] We think the other contention presented, to wit, that the trial court erred when he taxed the costs of the suit against appellant, should be sustained. Appellant was the "successful party," within the meaning of the statute (art. 2056, R. S. 1925), and therefore was entitled to recover the costs of this suit. But we also think the judgment is fundamentally erroneous so far as it was in appellant's favor for the costs incurred in said cause No. A–315. The judgment will be so reformed here as to deny appellant a recovery of the costs in said cause No. A–315, and as to allow him, instead of Mrs. Tiller, the costs of this suit, including the costs of this appeal, and as so reformed the judgment will be affirmed.