**BALLARD v. SHOCK et al.**

**No. 1197.**

Court of Civil Appeals of Texas. Eastland.
Dec. 15, 1933.

Rehearing Granted Feb. 2, 1934.

Rehearing Denied Feb. 14, 1936.

T. R. Odell, of Haskell, for appellant.

Sawnie B. Smith, of San Antonio, for appellees.

LESLIE, Justice.

This is an appeal from an interlocutory judgment of the trial court in sustaining a plea of privilege of the defendant Floyd Shock to be sued in Bexar county, Tex.

The plaintiff, T. E. Ballard, brought this suit in the district court of Haskell county, Tex., to recover a statutory penalty for alleged usury against Floyd Shock of Bexar county, Tex., Earl Morrison of Mitchell county, Tex., and C. G. Gay of Haskell county, Tex. The appellee Shock filed his plea of privilege to be sued in Bexar county and in due time the plaintiff filed his controverting plea to the same.

Ballard alleged in his petition: That on March 15, 1927, he and his wife executed and delivered five notes in the principal sum of $2,400 each, payable to the order of Floyd Shock and to become due on January 1st, each of the years 1928 to 1932, inclusive. That said notes bore interest at the rate of 10 per cent. per annum from date thereof, payable annually, and that the interest was evidenced by five coupon notes of even date with the principal notes. That the interest coupons matured annually on the same dates as the principal notes. That in addition to the 10 per cent. stipulated for in said notes, he,

Ballard, was required to and did pay $500 additional for the use of said money; that this $500 was paid in advance. That the notes and the interest thereon have all been fully paid. That the interest charged and paid was usurious. That the contract was partly verbal and partly written. That in making said contract, said defendants were represented by Gay and that each of the defendants received a portion of the usurious money paid by appellant. That the payment of said notes was secured by deed of trust, etc. That said contract as a whole was a scheme on the part of the defendants to evade the usury laws of Texas, and that under and by virtue of said contract, the appellant paid defendants more than 10 per cent. for the use of the money loaned. The prayer was for judgment for $6,500 interest and a like amount penalty.

The controverting affidavit substantially embraced the allegations in the plaintiff's petition and particularly claimed venue of the suit in Haskell county under exceptions 4 and 29a of the general venue statute, article 1995 (Vernon's Ann.Civ.St.). We treat it as sufficient to claim venue under the special venue statute pertaining to suits for penalties for the collection of usury. Article 5073, and article 1995, subd. 30, Rev.St. 1925.

█ The venue of the suit cannot be maintained in Haskell county under exception 4, since the evidence discloses no cause of action against C. G. Gay, the resident defendant. Richardson v. Cage, 113 Tex. 152, 252 S.W. 747. It appears that the plaintiff, the borrower, paid said Gay $500 to. aid him in securing a loan from the defendant Shock who is not shown by the evidence to have had any knowledge or connection with this arrangement between Gay and Ballard, or any interest therein. So far as the evidence shows, the $500 was in the nature of a bonus and was no part of the compensation for the use of the money loaned. The loan itself was at the rate of 10 per cent. per annum, payable directly to Shock and as an inducement to him to extend the loan, it was necessary for the defendant Morrison to indorse the plaintiff's notes. The compensation thus paid Gay was not shown to be any part of the interest paid for the use of the money, and, therefore, should not be regarded as a part of the interest collected by Shock. Williams v. Bryan, 68 Tex. 593, 5 S.W. 401; Stuart v. Tenison Bros. Sad. Co., 21 Tex.Civ.App. 530, 53 S.W. 83;

Bomar v. Smith (Tex.Civ.App.) 195 S.W. 964; Hudmon v. Foster (Tex.Civ.App.) 210 S.W. 262; Marsh v. Tiller (Tex.Civ. App.) 293 S.W. 223.

As provided by the statute (Rev.St. art. 5073), the principal and usurious interest may be recovered only from "the person, firm or corporation receiving the same." Webb v. Galveston & H. Investment Co., 32 Tex.Civ.App. 515, 75 S.W. 355, 357; Western Bank & Trust Co. v. Ogden, 42 Tex.Civ.App. 465, 93 S.W. 1102, 1104; Deming Investment Co. v. Giddens (Tex.Civ.App.) 41 S.W.(2d) 260.

Further, there is no evidence that Gay and Morrison, or either of them, received any part of the interest that was in fact paid for the use of the money. Article 5073 specifically provides that "within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same."

The undisputed testimony is that the $500, whatever it be called, and regardless of the purpose for which it was paid, was, in fact, paid to Gay about March 15, 1927. The above statute, which creates the right of action when usury is charged and collected, does not authorize a cause of action for penalties based thereon further back than two years after the time the usurious rate of interest shall have been received. The original petition in the instant case was filed November 5, 1932, and is incorporated in the controverting affidavit. These facts pertaining to the payment of the $500 and the filing of the suit sufficiently appear from the statement of facts.

█ Since Gay, the resident defendant, is not shown to be, even a proper party to the suit under exception 4 of the general venue statute, exception 29a could have no application as it deals with necessary parties. If he was not a proper party, he was, of course, not a necessary party.

The venue question will now be considered in the light of the statutes specifically fixing venue in cases brought for the recovery of penalties based upon the collection of usury. Exception 30 of the general venue statute, article 1995, supra, reads as follows:

· *"Special ·Venue.*—Whenever in any law authorizing or regulating any particular .character of action, the venue is expressly prescribed, the suit shall be commenced in the county to which jurisdiction may be so expressly given."

With this provision of the statute in mind, we pass to article 5073, R.S.1925, which reads as follows:

"Within two years after the time that a greater rate of interest than ten per cent shall have been received or collected upon any contract, the person paying the. same or his legal representative may by an action of debt recover double the amount of such interest from the person, firm or corporation receiving the same. Such action shall be instituted in any court of this State having jurisdiction thereof, in the county of the defendant's residence, or in the county where such usurious interest shall have been received or collected, or where said contract has been entered into, or where the parties who paid the usurious interest resided when such contract was made."

This article of the statute was enacted in 1907. It is a venue statute. Aviation Credit Corp. v. University Aerial Service Corp. (Tex.Civ.App.) 59 S.W.(2d) 870. It not only created the right to institute and prosecute such suits for penalties, but it specifically fixed the venue of such suits.

Obviously this 'is a suit to recover penalties growing out of the alleged collection of usury, and we are permitted to ascertain the nature of the suit by an inspection of the petition. Higginbotham-Bailey-Logan Co. v. Hancock (Tex.Civ.App.) 4 S.W.(2d) 583; Oakland Motor Car Co. v. Jones (Tex.Civ.App.) 29 S.W.(2d) 861, 862, par. 6; Texas Farm Mortgage Co. v. Starkey (Tex.Civ.App.) 25 S.W.(2d) 229; Sims v. Trinity Farm Construction Co. (Tex.Civ. App.) 28 S.W.(2d) 856; Congleton v. L. Mundet & Son, Inc. (Tex.Civ.App.) 43 S. W.(2d) 1111; First National Bank of Electra v. Guyer (Tex.Civ.App.) 40 S.W. (2d) 212; Jones v. Hickman, Chief Justice, 121 Tex. 405, 48 S.W.(2d) 982. That be-, ing the nature of the suit, to retain venue in Haskell county, it was only necessary, upon the trial of this plea of privilege, for the plaintiff to allege and prove one or more of the following venue facts: (1) That defendant's residence was in Haskell county; (2) that the usurious interest was received or collected in Haskell county; (3) that the contract had been

entered into in Haskell county; or (4) that the party (plaintiff here) who paid the usurious interest resided in Haskell county when such contract was made.

Of course, no contention is made that the defendant Shock resided in Haskell county. There is no proof that any usurious interest was received or collected in Haskell county. There is no pleading whatever that the plaintiff, who is alleged to have paid the usurious interest, resided in Haskell county when such alleged usurious contract was made. Hence, there was no basis for testimony of that nature.

However, we find that the plaintiff's controverting affidavit sufficiently alleges that the .contract was entered into in Haskell · county, Tex., and that this allegation is supported by the uncontradicted testimony. It follows that for this reason alone the trial court erred in sustaining the plea of privilege.

We do not wish to be understood as expressing any opinion as to the merits of the plaintiff's cause of action. If it has any merit, that will have to be developed in the district court of Haskell county, and the same cannot be considered on this appeal, which merely involved the ruling of the trial court on a plea of privilege.

For the reasons assigned, the judgment of the trial court is reversed and the cause remanded.

·· On Rehearing.

In reaching our conclusions in the original opinion, we held that on the trial of the plea of privilege, it was only necessary to prove, in addition to the other venue facts, the existence of a contract (as contradistinguished from a usurious contract) under that provision of the statute, namely, "where said contract has been entered into."

█ In the able motion for rehearing it is insisted that the essential venue fact under this provision of the statute is a usurious contract, or as stated by the statute, a contract upon which "a greater rate of interest than ten per cent shall have been received or collected." We believe this contention is sound. The pertinent venue portion of article 5073 reads as follows:

"Such action shall be instituted in any court of this State having jurisdiction thereof * * * where said contract has been entered into."

"Such action" evidently pertains to one to recover penalty where "a greater rate of interest than ten per cent shall have been received or collected upon any contract." From this, it is obvious that the same contract which by reason of its usurious nature forms the basis of the action for penalty, for the same reason forms the basis of venue. Only a usurious contract would authorize the action [McDaniel v. Orr (Tex.Com.App.) 30 S.W.(2d) 489; Continental Sav. & Building Ass'n v. Wood (Tex.Civ.App.) 33 S.W.(2d) 770; Id. (Tex.Com.App.) 56 S.W.(2d) 641; Interstate Bldg. & Loan Ass'n v. Bryan, 21 Tex.Civ.App. 563, 54 S.W. 377; Driscoll v. Dennis (Tex.Civ.App.) 220 S.W. 576], and only the usurious contract, along with the other venue fact or facts would fix the venue in the county where such contract was made. Fernandez v. Shacklett (Tex.Civ.App.) 1 S.W.(2d) 675.

After a careful consideration of the points presented by this appeal and in the light of the appellee's motion for a rehearing, and since it is not contended that the suit was filed in the court of the defendant's residence, we are of the opinion that a more accurate statement of the law would be that for the plaintiff (appellant here) to fix venue under the statute in Haskell county, it was necessary for him to allege and prove as venue facts one of the following:

(1) That usurious interest was received or collected on a usurious contract in Haskell county, Tex.; (2) that such usurious contract was entered into in Haskell county, Tex.; (3) that the party (appellant here) who paid the usurious interest on such contract resided in Haskell county, Tex., when such contract was made.

As above noted, no contention is made that defendant Shock resided in Haskell county, Tex. There is no proof that any usurious interest was received or collected by said Shock on any usurious contract in Haskell county. Neither does the testimony establish that a usurious contract as alleged was entered into in Haskell county and the trial court has so found. Further there is no pleading whatever that the plaintiff who is alleged to have paid the usurious interest resided in Haskell county when such alleged usurious contract was made.

In view of the above deficiencies in pleading or proof, the trial court did not err in sustaining the defendant's plea of privilege. Whichever group of facts relied upon by the plaintiff to fix venue of the suit in Haskell county, it was not only necessary for the plaintiff's petition and controverting affidavit to be sufficient in such respects, but it was equally as essential for him to make out by his testimony proof of the fact or facts relied on for venue. In this case the trial court has resolved the fact issues against the plaintiff and a re-examination of the testimony convinces us that we would not be warranted in disturbing the same. It, therefore, becomes our duty to affirm the judgment of the trial court. The necessity on the part of the plaintiff to produce testimony to establish the venue facts has heretofore been carefully considered by this court in the case of Compton v. Elliott, 55 S.W.(2d) 247, and no review of the authorities will here be made. In addition, we cite, as being in point, the case of Fernandez v. Shacklett et al. (Tex.Civ.App.) 1 S.W.(2d) 675, holding that where a contract was not usurious as alleged, venue could not be had under article 5073, R.S. 1925, in the county where the alleged usurious payments had been made.

In Compton-Elliott Case there was a dissenting opinion by a member of this court, and on motion for rehearing, we concluded to certify to the Supreme Court the controlling question. The same is deemed controlling in this case. The Supreme Court's answers to the questions certified have not yet been received. Therefore, if the appellant in this case concludes to file a motion for rehearing and signifies a desire that this court take no further action in this case pending receipt of the answers by the Supreme Court to the questions certified, this court will be inclined to await the answers of that court and decide the question here in the light of the answers made.

For the reasons assigned, the judgment of this court heretofore entered pursuant to the original opinion in this cause will be set aside and the judgment of the trial court affirmed. It is so ordered.

FUNDERBURK, Justice (dissenting).

Being unable to concur in the majority opinion, I shall state my individual views briefly. Admittedly the fact was properly alleged in the controverting plea that the alleged usurious contract was made in Haskell county. Unquestionably there was ample evidence, if not undisputed evidence, to show that if any such contract as alleged

was made anywhere, or if it was a usurious contract, it was made in Haskell county. By the provisions of R.S.1925, art. 1995, any defendant sued in the state of Texas has the right to be sued in the county of his domicile, unless in any particular case there exists at least one of the exceptions provided for in subdivisions 1 to 30, inclusive, of said article. There are other statutory provisions prescribing ·venue in particular cases, or under exceptional circumstances which standing alone would not be subordinate to the general provision giving the defendant the right to be sued in the county of his residence, but in said article 1995, after exceptions 1 to 29 are enumerated, exception 30, by its express terms, refers to all other such statutory provisions, and expressly makes them exceptions to the general rule of venue prescribed in article 1995. It follows that articles 2007 and 2008, R.S.1925, are thus made to apply to all venue statutes. In other words, the provisions of R.S.1925, art. 5073, declaring that in a penalty suit therein provided for, the suit may be brought in the county among others where the contract was made, is by the express terms of said subdivision 30, and the first paragraph of said article 1995, made an exception to the general rule granting any defendant the right to be sued in the county of his residence.

The fact or facts to show that a particular case comes within an exception must be pleaded by the plaintiff and proved. Two facts are necessary to be thus pleaded and proved to show that the instant case comes within that exception which provides that a suit for penalty for usurious interest may be brought in the county where the contract, under provisions of which the usurious interest is claimed to have been paid or collected, was made. The first fact is whether the suit is one for penalty provided for in said article 5073. That fact the court knows judicially. At any rate, the all sufficient evidence of it is the plaintiff's petition. The other fact is that the contract claimed to be the usurious contract was made in the county where the suit is brought.

The question is: Was plaintiff required upon the hearing of the plea of privilege to prove the existence of a usurious contract, or was it sufficient for him to prove that the contract which in his petition he alleged to be usurious was made, if at all, in Haskell county. It must have been contemplated in the enactment of the venue statutes, that in a suit for penalty under authority of article 5073, there would probably be involved an issue of fact or of law as to the existence of a usurious contract, as well as other issues, like that, for instance, of whether usurious interest was in fact received or collected by defendant. In every such suit where the plaintiff's cause of action is well pleaded, an issue of whether the contract alleged to be usurious is a usurious contract as a matter of law will be joined by a general demurrer, and an issue of the existence of any contract, and if it exists, whether it be a usurious contract, is joined as an issue of fact by a general denial. It may well be true that the sole necessity for such a suit is to litigate the single question, for example, of whether or not a particular contract provides for the payment of usurious interest. Suppose in such a case the issue ought to be decided as one of law upon the pleadings, what court, when the suit is brought in the county where the contract was made, ought to determine that issue? The court in the county where the contract was made, or the one in the county of defendant's residence? Such an issue being one involving only the merits of the suit, would never be reached until after disposing of the plea of privilege, if any. The defendant has the legal right to have the suit tried in the county of his residence (in the absence of any of the exceptions) just the same where all the issues are issues of law, as where they are issues of fact, or of both law and fact. In other words, in this case the defendant who filed the plea of privilege had the right to have all issues involving his liability tried in Bexar county, unless (omitting exceptions unimportant here) the place where the contract in question was made was Haskell county. In a case like the one supposed, where the only really controverted issue is one of the existence of any contract at all, or whether a certain contract be usurious, can it be the law that the very issues which the suit is brought to determine, must be litigated in the foreign jurisdiction in order to determine the place where the suit should be tried? If so, of what practical value is the privilege sought to be conferred by article 1995? If, in order to secure such privilege, the defendant must stand trial in the foreign jurisdiction upon the same issues upon which it is sought to hold him liable at the end of the suit, why not make such trial determinative of his liability? What sound basis exists for any presumption that the judge or jury in the foreign juris-

diction would determine such issues in his favor upon the trial of the plea of privilege, but would not so determine the same issues if it were a trial upon the merits? Why have two trials of a case instead of one involving the same issues, especially when at the time of the last trial no conceivable reason upon which the defendant's privilege to be sued in the county of his residence rather than in a foreign jurisdiction rests, could have any possible operation?

Suppose upon the hearing of the plea of privilege the court, upon a preponderance of the evidence or the undisputed evidence finds, that the transaction claimed to constitute the contract, or usurious contract, occurred in Haskell county in such manner that if it were a contract or a usurious contract, the same was made in that county, but should further conclude that as a matter of law the transaction did not constitute a contract, or, if so, was not a usurious contract. Such is the instant case. If the determination of either of these issues can properly be determinative also of the plea of privilege, it would be the duty of the court, of course, to transfer the case. If the plaintiff appealed, and the appellate court affirmed the action of the court below, what issue in the case would remain to be tried in the county of defendant's residence? Would it be expected that the plaintiff would again try out the issue of defendant's liability in the county of defendant's residence in the face of a decision of the appellate court foreclosing that question against his contention as a matter of law. Under such circumstances, how could it be said that the case had been tried in the county where the law gave the defendant the right to have it tried? Or, again, if without an appeal by plaintiff, the defendant, upon the trial in the county of his domicile, presented the same issue as one of law, and the court overruled it, and upon appeal the court's action was sustained. Would that not conclusively show that plaintiff had the right to maintain the suit in Haskell county? Is the right of the defendant to be sued in the county of his residence (in the absence of any of the prescribed exceptions) any more important, or better entitled to be enforced by the court than the right of the plaintiff to bring and maintain the suit in the county where some exception provides it may be brought?

The principle that should control the question at issue has been decided, I think, by the Supreme Court in International & G. N. Ry. Co. v. Anderson County, 106 Tex. 60, 156 S.W. 499, 501. That was an injunction suit brought in Anderson county, and the venue sought to be maintained there, on the ground that the law under the facts alleged in plaintiff's petition made that county the only legal domicile and place of residence of the defendant. The defendant was operating under a charter designating Houston in Harris county as its domicile and place of residence, and the defendant claimed Harris county as the county of its residence. The nature of the issues tendered by the suit was such that their determination would have the legal effect of determining also whether Anderson county or Harris county was the place of legal residence of defendant. Judge Phillips, for the Supreme Court, said: "If the suit had been filed in Harris county and the defendants in error (Anderson County et al.) should succeed upon the main issue, the result would serve to defeat the venue of that county. To sustain the venue of Harris county would necessarily involve the failure of their suit, whereas, if they prevail, the venue of Anderson county is established. In such a case, the plaintiff should be held entitled to invoke the venue that accords with the establishment of the allegations of his petition, rather than under the necessity of submitting his cause in any court whose jurisdiction depends upon their refutation." Similarly, in this case, if there was any such contract as the one alleged, and, if it was a usurious contract, it was made in Haskell county, and plaintiff has the right to have the case tried there. If the alleged contract was never made, or was not usurious, he has no cause of action wherever the case may be tried. It was not incumbent upon him to go to Bexar county to try a suit, a determinative issue in which, if decided in his favor, would show he had a legal right to sue in Haskell county any more than it was necessary for Anderson county to try its suit in Harris county, a determinative issue in which, if decided in its favor, would show its right to sue in Anderson county.

In my opinion, any construction of the venue statute which requires issues involving the liability of a defendant sued without the county of his residence to be twice tried is utterly unreasonable, and

wholly unnecessary to the accomplishment of any purpose of the venue statutes.

Note: The motion for rehearing was left pending in this court awaiting the answer of the Supreme Court to certified questions in Compton v. Elliott (Tex.Civ. App.) 55 S.W.(2d) 247. Said questions were answered by the Supreme Court in an opinion, of date November 20, 1935, found in 88 S.W.(2d) 91. After the Supreme Court's opinion, the court of civil appeals unanimously overruled said motion for rehearing on February 14, 1936. (Justice Leslie)