SALES et ux. v. MERCANTILE NAT. BANK AT DALLAS.

No. 4502.

Court of Civil Appeals of Texas. Amarillo.

Nov. 18, 1935.

Rehearing Denied Dec. 9, 1935.

Calvin Henson, of Littlefield, and Lockhart & Brown, of Lubbock, for appellants.

Bartlett, Thornton & Montgomery, of Dallas, for appellee.

MARTIN, Justice.

On May 31, 1928, appellants borrowed from appellee the sum of $2,500, payable in monthly installments of $31.25 each, evidenced by note of said date, and secured by a deed of trust on lot No. 4, block No. 70, town of Littlefield, Lamb county, Tex.

This suit was instituted by appellants to have said loan declared usurious, to remove cloud from title, and to cancel said trust deed and in part for usurious penalty. The facts alleged to show usury were in substance that appellee, through its agent, A. G. Hemphill, negotiated and made the loan and demanded of and collected from appellants the sum of $100 as compensation for making same. Their petition then proceeds: "That said sum of $100.00, which plaintiffs paid to the said Mercantile Trust & Savings Bank, and its said agent Hemphill, represented 4 per cent. interest upon the sum of $2,500.00 advanced for the term of one year and was additional interest to the 8 per cent. interest reserved in said note and deed of trust, and that by reason thereof, these plaintiffs were required to pay, and did actually pay, to Mercantile Trust & Savings Bank, and to its said agent, interest on the said sum of $2,500.00, for the first year that said loan was in effect, at a rate in excess of 10 per cent. per annum, that is to say, a rate on the principal balance actually due slightly in excess of 12 per cent. per annum." :       :

Upon the conclusion of the evidence the trial court peremptorily instructed the jury for appellee, and his action in so doing is here assailed by various propositions.

We believe the undisputed facts required such action for at least two reasons:

First. It conclusively appears that Hemphill's authority was special and limited. He received appellants' application for the loan, forwarded same to appellee for its approval, and same was actually approved by it, with which Hemphill had nothing to do. He collected a commission for himself. It is not claimed that appellee shared in this. No authority whatever was shown in Hemphill to actually make loans. His authority went no further than to solicit these, forward applications, and attend to the details of closing same, for which he charged the borrower a commission, which fact appellee knew. This charge was not the act of appellee.

The facts respecting this phase of the case are almost identical with the recent case of Noel v. Panhandle Bldg. & Loan Ass'n (Tex.Civ.App.) 85 S.W.(2d) 773, 775 (writ refused). We quote briefly from this case:

"It is undisputed that Mr. Fraser and his associates had no authority from the appellee to make any loan; that appellee received none of the commission paid; that the negotiations for the loan began between the appellants and Mr. Park, who was associated with Mr. Fraser, therefore, if such agency was maintained, its authority was not general, but special and limited.

"'The act of an agent, having only special and limited authority, in charging the borrower a fee by way of a commission for making a loan, or for examining title to property to be mortgaged to secure the amount of the loan, is not the act of his principal, and the fee so charged does not render the loan usurious.'" Noel v. Panhandle Bldg. & Loan Ass'n (Tex.Civ.App.) 85 S.W.(2d) 773, 775.

Second. The written contract between the parties to the present controversy shows plainly that there was no intent to charge usury. The said trust deed contains the following stipulation: " * * * it being understood that in

no event shall· the maker of said note be required to pay for the use of the money more than ten per cent. interest per annum and proper expenses incident to the making of the loan." The acceleration clause of the note provides only for the payment of the "whole amount owing"; that of the trust deed for "accrued interest" and "sums collectible." These and other phrases, in connection with the quoted stipulation, bring this case clearly within the rule announced in. many recent authorities, some of which are:. Walker v. Temple Trust Co., 124 Tex. 575, 80 S.W.(2d) 935; Braniff Inv. Co. v. Robertson (Tex.Com.App.) 81 S.W.(2d) 45; Shive v. Braniff Inv. Co. (Tex.Civ.App.) 68 S.W.(2d) 564; Southern States Mortgage Co. et al. v. Lykes et al. (Tex.Civ.App.) 85 S.W.(2d) 780 (writ refused).

Finally, it is argued that since the note contains an option of payment, and there was an offer to pay any amount declared owing, the court erred in not permitting the payment of a balance of $964.13 due on the note (assuming the contract valid), and entering a judgment canceling the trust deed. This rec-ord, we think, shows that appellants' suit was filed, tried, and disposed of on the theory of a usurious loan, not that appellants wanted to pay the balance due on the note according to its face and terms, and had been refused such right. The option referred to by appellants is in the following language: "The option is hereby reserved to pay the entire amount owing hereon on the 1st day of any month, provided that written notice of the purpose to make such payment shall be given to said bank not less than thirty (30) days before the payment is made." Appellant neither alleged nor proved any notice of the character set out. If the trial court's attention was ever specially called to what is here suggested as the present desire of appellants, it has not been pointed out. If it had been, it was the right of appellee preserved by its contract to have the above notice. We are not impressed with the view that the tender of payment referred to had refrence to any payment upon an admittedly valid contract. Under the above facts, we overrule this assignment.

The judgment is affirmed.