NATIONAL LIFE INS. CO. v. SCHROE-
DER et ux.

No. 1748.

Court of Civil Appeals of Texas. ·Waco.

May 7, 1936.

Rehearing Denied June 4, 1936.

Read, Lowrance & Bates, of Dallas, and Bryan & Maxwell, of Waco, for appellant.

Tirey & Tirey, of Waco, for appellees.

ALEXANDER, Justice.

This action involves a complaint of usury. On March 2, 1923, Schroeder and his wife borrowed $15,000, and in consideration therefor executed and delivered to Deming Investment Company one principal note of that date for the sum of $15,000 due February 1, 1933, and ten interest coupon notes representing 5½ per cent. interest on the principal loan, one of which was for the sum of $756.25 due February 1, 1924, and the other nine for $825 each, due one each year from 1925 to 1933, which notes were secured by a first deed of trust on certain land owned by Schroeder. In addition, Schroeder and wife on the same date executed and delivered to Deming Investment Company one note for the sum of $798.75 due February 1, 1924, which note purported to represent commissions agreed to be paid Deming Investment Company for negotiating the loan secured by the first deed of trust. The first deed of trust provided that in certain contingencies "the whole sum of money herein secured and all interest thereon to the date of payment thereof, to be computed at 10% per annum from the date of the exercise of option herein may at the option of the holder of the note hereby secured and without notice be declared due and payable at once. * * *" The second deed of trust provided that in certain contingencies "the whole sum of money herein secured may at the option of the holder of the notes and without notice be declared due and payable at once. * * *" Said deed of trust further provided: "The note secured by this deed of trust represents the earned commission which the party of the first part agrees to pay to third party (Deming Investment Company) for the negotiation of said loan, regardless of any payment on the first lien note prior to its maturity."

The principal note for $15,000, together with the interest coupon notes attached, were assigned to the National Life Insurance Company. The note for $798.75 secured by the second deed of trust was retained by Deming Investment Company. Schroeder and his wife paid to Deming Investment Company the amount of the second lien note and paid nine of the interest notes to National Life Insurance Company as they matured. In 1933 appellees brought suit against the National Life Insurance Company and the Deming Investment Company, charging that the original contract was usurious and that by reason thereof they were entitled to have credited on the principal note the full amount paid as interest and to have said deeds of trust canceled upon the payment of the balance of the principal due on said note, which amount the plaintiffs offered to pay. The National Life Insurance Company, in addition to a general denial, filed a cross-action to recover on said principal note and to foreclose its lien. Deming Investment Company was later dismissed from the suit by the plaintiffs. In a trial before the court without a jury the court concluded that the contract was usurious and allowed plaintiffs credit on the principal note for the amount theretofore paid to Deming Investment Company in payment of the second lien note, together with all sums paid to National Life Insurance Company as interest on the principal note, and alleged National Life Insurance Company judgment against the plaintiffs for the balance of the principal note and for foreclosure of its lien. The National Life Insurance Company appealed.

■ If the Deming Investment Company was the agent of National Life Insurance Company for the purpose of lending its money, or if it was actually engaged in lending its own money, and, as a subterfuge for avoiding the effect of the usury statute, stipulated that the second lien note for $798.75, which was due February 1, 1924,

represented a commission for making the loan, whereas it actually represented a part of the interest charged for the use of the money loaned, then the contract was usurious because the amount of this note, together with the interest coupon note for $756.25 due February 1, 1924, exceeded 10 per cent. of the money borrowed, and both of these notes could have been collected for the use of the principal indebtedness from March 2, 1923, to February 1, 1924, in the event of acceleration of the maturity of said indebtedness on the last named date. Dallas Trust & Savings Bank v. Brashear (Tex.Com. App.) 65 S.W.(2d) 288; Shropshire v. Commerce Farm Credit Co., 120 Tex. 400, 30 S.W.(2d) 282, 39 S.W.(2d) 11, 84 A.L. R. 1269; Deming Investment Co. v. Clark (Tex.Civ.App.) 89 S.W.(2d) 853; Deming Investment Co. v. Giddens (Tex.Civ.App.) 41 S.W.(2d) 260; Temple Trust Co. v. Stobaugh (Tex.Civ.App.) 59 S.W.(2d) 916; Adleson v. B. F. Dittmar Co., 124 Tex. 564, 80 S.W.(2d) 939; 66 C.J. 220 to 225; 27 R.C.L. 238.

On the other hand, if Deming Investment Company in good faith undertook to negotiate a loan for Schroeder as his agent and not as agent for the National Life Insurance Company, and was to receive from him the commission note for its services, such note cannot be considered in determining whether or not the loan was usurious; for under such circumstances the borrower would have the right to employ an agent to secure a loan for him and to pay a commission therefor, and such commission could not properly be considered a part of the interest charged for the use of the money borrowed. Hughes v. Security Bldg. & Loan Ass'n (Tex.Civ.App.) 62 S. W.(2d) 219; James v. Chaney (Tex.Civ. App.) 154 S.W. 679, 683; Williams v. Bryan, 68 Tex. 593, 5 S.W. 401; Sales v. Mercantile National Bank (Tex.Civ.App.) 89 S.W.(2d) 247; Stuart v. Tenison Bros. Saddlery Co., 21 Tex.Civ.App. 530, 53 S.W. 83 (writ denied); Ballard v. Shock (Tex. Civ.App.) 91 S.W.(2d) 385; Chandler v. Guaranty Mortgage Co. (Tex.Civ.App.) 89 S.W.(2d) 250; 27 R.C.L. 236; 66 C.J. 226.

If said second lien note is not to be considered as a part of the interest charged for the use of the money, then clearly the contract is not usurious, for the amount of the interest coupon notes did not exceed 10 per cent. per annum, and the wording of the acceleration clause was not in itself sufficient to make the contract usurious. Lincoln Nat. Life Ins. Co. v. Anderson, 124 Tex. 556, 80 S.W.(2d) 294, 81 S.W.(2d) 1112; Braniff Inv. Co. v. Robertson, 124 Tex. 524, 81 S.W.(2d) 45, 100 A.L.R. 1421; Reynolds Mortgage Co. v. Thomas, 12 Tex. 570, 81 S.W.(2d) 52; Bankers' Life Ins. Co. v. Miller (Tex.Civ.App.) 68 S.W. (2d) 574 (error ref.).

The record discloses that in January, 1923, when negotiations for the loan were first begun, Schroeder executed three instruments in which he appointed Deming Investment Company as his agent and empowered it to secure three separate loans for him on his farm for a total sum of $16,000. Deming Investment Company immediately submitted the application for these loans to the National Life Insurance Company. That company declined to purchase the three loans for $16,000, but agreed to purchase one loan for $15,000. On February 27, 1923, Schroeder and wife executed and delivered to Deming Investment Company the two deeds of trust in question, together with the notes secured thereby. On March 3, 1923, Deming Investment Company advised National Life Insurance Company that the $15,000 loan was being closed in accordance with its suggestions. Some delay occurred while the title was being perfected, so that National Life Insurance Company did not actually purchase the $15,000 note and pay Deming Investment Company therefor until June 5, 1923. The second deed of trust which secured the payment of the so-called commission note contained the following provision: " * * * It is understood that the Deming Investment Company, while advancing the money to the first party (Schroeders) on said loan, is acting merely as the agent of the first party for the negotiation of the same in the market, and the note secured by this deed of trust represents the earned commission which the party of the first part agrees to pay to third party for the negotiation of said loan regardless of any payment on the first lien note prior to its maturity. * * * " The appellees did not allege nor attempt to prove that the facts stated in said deed of trust and in the instruments appointing Deming Investment Company as their agents to secure the loan for them were untrue nor that the same were intended as a subterfuge or device to avoid the effect of the usury law. There is nothing to show whether or not the Deming Investment Company was the agent of National Life Insurance Company to secure loans for it. If it was not the agent of the National

Life Insurance Company to secure loans for it, and if the facts as stated in the instruments signed by the appellees were true, then the contract was not usurious. The mere fact that Deming Investment Company took the notes in its own name and temporarily advanced to the borrower the amount of the loan pending reimbursement by the lender or the placement of the loan was not alone sufficient to establish that Deming Investment Company was actually lending its own money, in view of the fact that the contract signed by the borrower contemplated that this procedure should be followed in order to enable Deming Investment Company to negotiate the loan. Ashland Nat. Bank v. Conley, 231 Ky. 844, 22 S.W.(2d) 270; G. L. Miller & Co. v. Claridge Manor Co. (D.C.) 14 F.(2d) 859; Union Central Life Ins. Co. v. Edwards, 219 Ky. 748, 294 S.W. 502; 66 C.J. 226, 227. In our opinion, the judgment of the trial court holding that the contract was usurious is not supported by the evidence.

It does not appear that the case has been fully developed with reference to the point here under consideration. Under these circumstances, we deem it proper to reverse and remand the cause for a new trial instead of reversing and rendering judgment for appellant. 3 Tex.Jur. 1219; Associated Oil Co. v. Hart (Tex.Com.App.) 277 S.W. 1043; Great Southern Life Ins. Co. v. Heavin (Tex.Com.App.) 39 S.W.(2d) 851.

The judgment of the trial court is reversed and the cause remanded for a new trial.