### LEONARD et al. v. SMITH.

### No. 10456.

Court of Civil Appeals of Texas. Galveston.

Oct. 29, 1936.

Cutrer & Murfee, of Houston, for appellants.

Weslow, Beadle & Keilin, of Houston, for appellee.

GRAVES, Justice.

The appellee adopts as correct this statement of the nature and result of the suit, appearing in the appellants' brief:

"On April 16, 1929, Lang Smith, as the owner of the West 25 by 100 feet of Lot 'P,' and the adjoining East 30 by 50 feet of Lots 3 and 4 in Block 5 of Southmore Addition, Section 4, Tract 116, to the City of Houston, Harris County, Texas, entered into a mechanic's lien contract with one John T. Peavy as contractor for construction by the said Peavy of a two-story brick veneer duplex and garage on said property, wherein said Smith gave and granted said Peavy a mechanic's and materialman's lien on said property to secure the payment of three notes of even date therewith, executed by the said Smith and recited in said contract as the consideration for the undertakings of the said Peavy as contractor, note No. One being for $7000.00, and payable to the order of John T. Peavy at First National Bank in Houston in eighteen semi-annual installments of $180.00 each, and one last or final installment of $3760.00, the first installment being due and payable on July 1, 1930, and the remainder of said installments being due and payable in their consecutive numerical order one on the first days of each January and July thereafter until the full principal of said note matured, said note bearing interest from date until maturity at the rate of six and one-half per cent per annum, payable semi-annually on the first days of January and July of each year, beginning January 1, 1930; note No. Two being for $700.00 and payable to the order of J. C. Leonard Company in twenty semi-annual installments of $35.00 each, the first installment being due and payable on January 1, 1930, and one of said remaining installments being due and payable on the first days of each July and January thereafter until said note is fully paid, said note bearing no interest before its maturity; and note No. Three being for $1000.00, bearing interest from date until maturity at the rate of eight per cent per annum and being payable to the order of John T. Peavy in monthly installments of $45.23 each, including interest, beginning July 16, 1929. By assignment attached to said mechanic's lien contract, Peavy assigned the $7000.00 note and the liens securing it to the Mortgage-Bond Company of New York.

"The $7000.00 note and the $700.00 note were further and additionally secured by

deed of trust with power of sale, dated the same date with said notes and mechanic's lien contract, executed by the said Lang Smith to J. G. Hestwood, Trustee, and covering said property. The liens securing the payment of note No. One were made superior to the liens securing the payment of notes Nos. Two and Three, and the liens securing the payment of note No. Two were made superior to the liens securing the payment of note No. Three.

"On May 19, 1930, The Mortgage-Bond Company of New York transferred the $7000.00 note and the liens securing its payments to Manhattan Life Insurance Company. The first three installments for $180.00 each were paid on the $7000.00 note, but Smith defaulted in the payment of the installments of $180.00 each which respectively matured on the first days of January and July in each of the years 1932, 1933, 1934, and 1935, and in accordance with the provisions of the deed of trust Manhattan Life Insurance Company declared the entire balance of said $7000.-00 note due and payable.

"The deed of trust provides that if the $7000.00 note be declared due, or become due by lapse of time, and remain unpaid, the holder thereof shall have the right to request and require the trustee to make a sale or sales thereunder.

"Manhattan Life Insurance Company, the holder of the $7000.00 note, after default, and after having declared the entire balance of the $7000.00 note due and payable, requested the trustee to sell the property in accordance with the terms of the deed of trust, and on November 11, 1935, the trustee posted notices to sell in accordance with the terms of the deed of trust, the sale to be made on December 3, 1935.

"Appellee filed suit in the Eleventh District Court of Harris County, Texas, alleging the execution of the notes, and that same were usurious, sought a temporary restraining order restraining the sale advertised for December 3, 1935, and requested that upon hearing a temporary injunction be granted pending the trial of the case on its merits. This suit was brought against J. C. Leonard, J. G. Hestwood, and The Mortgage-Bond Company of New York, as defendants. The Honorable Allen B. Hannay, Judge of the One Hundred Thirteenth District Court of Harris County, Texas, granted a temporary restraining order restraining the trustee from making the sale advertised for De-

cember 3, 1935, and upon hearing on the application for temporary injunction before the Hon. Charles E. Ashe, Judge of the Eleventh District Court of Harris County, it was held that The Mortgage-Bond Company of New York was not a proper or necessary party to the suit, and, after having obtained leave of the court, appellee filed his amended petition in said district court on the 13th day of December, 1935, wherein he made all of appellants parties defendant, plead usury, asked a temporary restraining order restraining the appellant Hestwood from making any sale of the property under the deed of trust until such time as a preliminary hearing be had upon the matter, and prayed for a temporary injunction restraining the sale of the property under the deed of trust during the pendency of the suit.

"Appellee's suit and his prayer for an injunction are based solely upon a contention that J. C. Leonard was the agent of The Mortgage-Bond Company of New York at the time the loan was made, and that therefore the $700.00 note constitutes a part of the interest on the $7000.00 note and makes same usurious, for the alleged reason that during one of the early six months' periods of the loan it would have been possible for appellants to have collected more than ten per cent interest during one year. The $1000.00 note is not involved in this case.

"On December 14, 1935, the court issued a temporary restraining order operative pending hearing on the petition for temporary injunction, and on January 6, 1936, the court awarded appellee a temporary injunction enjoining and restraining appellants from selling under the deed of trust the property described in appellee's petition during the pendency of the suit. From this last order, appellants have perfected this appeal."

The appellee, just as frankly, further clears the deck for a determination of the controversy in this court by this résumé in his own brief of what it involves: "From the statement of facts—and we will not do more in this connection than refer the Court to the very portions thereof which are quoted and referred to in the brief of appellants—it clearly appears that this was a case in which the usurious nature of the contract depended, in its last analysis, upon the ascertainment of the fact-issue of whether or not **J. C.**

Leonard Company, operating a loan agency here in Houston, was the agent of the Mortgage-Bond Company with headquarters in New York. The Court will observe that all of the written instruments prepared by the lender and by J. C. Leonard Company, at the time the loan was made, were prepared with the purpose of apparently constituting J. C. Leonard Company merely the agent of the borrower to obtain the loan. From the unsatisfactory answers given by Mr. Hestwood and Mr. Loggins, employees of J. C. Leonard Company, to questions directed to ascertain the extent of the business of Mortgage-Bond Company which had been handled by J. C. Leonard Company, and to ascertain the extent to which J. C. Leonard Company represented Mortgage-Bond Company in other matters than in taking loan applications, it will be apparent to this Court that, while the testimony on the hearing for temporary injunction may not have been sufficient to have raised a fact-issue, had this been a final hearing on the merits, as to their agency, it was sufficient to strongly indicate that there was an actual fact-controversy between the plaintiff and defendants in this suit."

■ A careful examination of the statement of facts, to which the appellee appeals in these quoted deductions and concessions of his upon the cause as a whole, compels the conclusion that he had thereby, in effect, admitted himself out of court; he correctly appraises the sole basis for the claim of usury to be whether or not the Leonard Company was in this transaction the agent of the Mortgage-Bond Company, but his further conclusion that the evidence upon the hearing for temporary injunction did not have to be sufficient to raise an issuable fact as to the existence of such agency is erroneous; our appellate courts have held directly to the contrary in these well-considered opinions: Midland B. & L. Association v. Sparks Chapel (Tex.Civ.App.) 35 S.W. (2d) 774 (Writ of error dismissed); Diamond v. Hodges (Tex.Civ.App.) 58 S.W. (2d) 187; Noel v. Panhandle B. & L. Ass'n (Tex.Civ.App.) 85 S.W.(2d) 773 (Writ of error refused); Sales v. Mercantile National Bank (Tex.Civ.App.) 89 S. W.(2d) 247 (Writ of error dismissed); Shropshire v. Commerce, 120 Tex. 400, 39 S.W.(2d) 11; 17 Texas Jurisprudence, p. 794; Southland Life Ins. Co. v. Egan (Tex.Com.App.) 86 S.W.(2d) 722.

It becomes wholly unnecessary to review the testimony offered as substantiating the agency claimed, since it not only constituted no proof thereof, but further tended to negative the existence of any such relationship; indeed, the appellee's own contract with Leonard for the procurement of the loan for him on its face shows that he employed him as a broker to procure the loan for him from whomsoever that might be done, specifically binding himself to pay therefor the brokerage fees that the $700 note in suit represented; not only so, but otherwise the evidence was undisputed—inclusive of all the writings between the parties—to the effect that the Leonard Company never acted for any one concern in procuring loans for its patrons under such applications as the appellee made to it, but, on the contrary, invariably took such applications and placed them with whatever lender it found most available at the particular time; that that precise procedure was followed in this instance in all the written instruments embodying this transaction between himself and the Leonard Company the appellee expressly admits in the quoted recitations from his brief, and he nowhere presented any evidence tending in the least to impeach that statement; likewise, the testimony of Messrs. Hestwood and Loggins, upon examination, fails to disclose anything other than straightforward denials that they knew anything tending to support the appellee's assertion in his pleadings that the Leonard Company had so been the agent in dealing with him for the Mortgage-Bond Company.

■ Since the appellee, upon the appeal, has so reduced his cause of action for the writ awarded him below to one of dependency alone upon the claim that the Leonard Company in these transactions with him was in fact the agent of the Mortgage-Bond Company, it becomes unnecessary to examine any others of the several subsidiary contentions he made in the trial court; if, therefore, as has been concluded from the undisputed testimony here appearing—including all the instruments in writing that passed between the parties— the Leonard Company in procuring this loan acted as the agent for the appellee and not for the Mortgage-Bond Company as the lender, the commission or fee agreed to be paid to it and represented by the $700 note involved cannot be treated as interest paid by the borrower on the loan

in determining whether or not the loan was usurious. Stuart v. Tenison Bros. Saddlery Co., 21 Tex.Civ.App. 530, 53 S. W. 83 (Writ of error refused); Williams v. Bryan, 68 Tex. 593, 5 S.W. 401; Chandler v. Guaranty Mortgage Co. (Tex.Civ. App.) 89 S.W.(2d) 250; Texas Loan Agency v. Hunter, 13 Tex.Civ.App. 402, 35 S.W. 399; Jones on Mortgages (Eighth Edition) § 787.

Under the conclusion that the evidence upon the hearing failed to raise any issuable fact over whether or not the Leonard Company was acting as the agent of the Mortgage-Bond Company in the negotiations for this loan for the appellee, but at most goes no further than to raise a mere surmise or suspicion of the existence of such a fact—if, indeed, that far—it follows that the writ was improvidently granted; Modern Woodmen v. Atcheson (Tex.Civ.App.) 219 S.W. 537 (Writ of error dismisssed); Canode v. Sewell (Tex. Civ.App.) 182 S.W. 421; Rouse v. Mlinar (Tex.Civ.App.) 63 S.W.(2d) 1093.

The judgment will be reversed and the temporary injunction dissolved.

Reversed, temporary injunction dissolved.

LANE, J., not sitting.